# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LaTausha Simmons

        Plaintiff,

v.

Case: 2:19-cv-11531
Judge: Michelson, Laurie J.
MJ: Stafford, Elizabeth A.
Filed: 05-24-2019 At 12:44 PM
CMP LATAUSHA SIMMONS V CITY OF WARREN, ET AL (LG)

City of Warren, a municipal corporation,
the Warren Police Department,
Warren Police Commissioner Bill Dwyer,
Officer Sean Sullivan, Officer Robert Horlocker,
Officer Timothy Sciullo, and other unknown Officers of the
Warren Police Department, Macomb County, a municipal corporation,
Macomb County Sheriff's Department, Sheriff Anthony Wickersham
and other Unknown Macomb County Correctional and
Law Enforcement Officers and Deputies
Individually, and in their Official Capacities
Jointly and Severally,

        Defendants.

---

LaTausha Simmons
Plaintiff, Pro Se
20500 Dean
Detroit, MI 48234

---

## COMPLAINT AND JURY DEMAND

**NOW COMES,** Plaintiff, LaTausha Simmons and files her actions against the above named

Defendants, states as follows:

1. This civil action is for damages brought against the above-named defendants, in their official

and individual capacities pursuant to *42 U.S.C § § § 1983, 1985, and 1988, Fourth, Fifth, Sixth, Eighth*

*and Fourteenth Amendments to the United States Constitution, Municipal Liability Under 42 U.S.C. §*

*1983* and under the statutory and common law of the State of Michigan and consequently, Plaintiff has a

viable claim for damages under 42 U.S.C 1983.

1

## INTRODUCTION

2. This case is brought to address violations and injuries stemming from the misconduct of Warren police officers and the Macomb County Sheriff Department Unknown Macomb County Correctional and Law Enforcement Officers and Deputies in connection with the arrest, detention, search, seizure, and prosecution of Plaintiff, LaTausha Simmons. Plaintiff was a victim of violent excessive force and arrest, in the private parking lot of Dave's Marketplace, where Plaintiff had finished grocery shopping, wherein Warren Police Officers Sullivan, Horlocker and Sciullo commenced a series of assaults against Plaintiff. Officer Sullivan illegally detained Plaintiff in the parking lot of the grocery, while she was in her vehicle for "grocery shopping while black in the City of Warren" with no probable cause nor reasonable suscipion and commenced a series of constitutional violations, thereafter. Officer Horlocker, shattered Plaintiff's passenger window, busted out the shattered glass, caused the glass to hit Plaintiff in the face, eyes, right ear and torso and injured Plaintiff's right side of the head, face, ear and eye with the devices used to shatter and break the glass. Officer Horlocker reached inside of the vehicle and unlocked all of the doors and opened the passenger door. Officers Sullivan and Sciullo opened the driver's door pulled Plaintiff out of the vehicle, threw Plaintiff to the ground, injured Plaintiff's rib cage causing a rib contusion, caused Plaintiff left side of head and face to hit the concrete ground, pushed Plaintiff's face and head to the ground even harder, placed all of their weight on Plaintiff's neck, back and spine, causing bulging and herniated discs in her cervical spine, Plaintiff weighs approximately 135 pounds and stands 5 feet 6 inches, arrested Plaintiff and subsequently took Plaintiff to the Warren Jail. As a consequence of the Defendants misdeeds, Plaintiff has suffered various physical injuries (including but not limited to a torn rotator cuff, rib contusion, loss of a tooth and traumatic brain injury "TBI"), loss of freedom, as well as emotional injuries, loss income, and other non-economic losses. Plaintiff was subsequently charged with Misdemeanor Attempted Resisting and Obstructing (MCL 750.81d(1) and not giving DNA (MCL 28.173A). Officer Sullivan documented on the police report, the incorrect address for

Plaintiff, a subsequent court date was never received by Plaintiff and consequently a warrant was issued

for her arrest. In September 2018, Plaintiff was picked on the warrant and taken into custody by unknown

Warren Police officer, assaulted by other officers in an office near the booking room area, while both of

Plaintiff's hands were handcuffed to a wheelchair. Plaintiff was placed into a room in front of a

computer, while one of the unknown officers grabbed Plaintiff by the head, with one of his arms

wrapped around the top and side of Plaintiff's head and face and his other arm and hand pressed

against the other side of Plaintiff's face, and snatched Plaintiff's head and neck to the right and told

her "oh you taking a picture," while the other officer clicked buttons on the computer and said that the

pictures were going on facebook as other officers stood by laughing. Several hours later, Plaintiff was

wheeled in a wheelchair to the video room, forced out of the wheelchair, stood before the judge on

video, and was given an excessive bond and wheeled back into a jail cell. Despite, Plaintiff's bond being

posted, Plaintiff was taken to the Macomb County Jail. Defendants Unknown Macomb County

Correctional and Law Enforcement Officers and Deputies knew Plaintiff had already posted bond,

would not release Plaintiff, refused to verify that bond had been posted upon Plaintiff's

request, placed Plaintiff in a jail cell with absolutely no means of communicating with anyone

and held her there for over 10 hours or more. Defendants Unknown Macomb County

Correctional and Law Enforcement Officers and Deputies told Plaintiff that if she take a picture

she can go home. Defendants Unknown Macomb County Correctional and Law Enforcement

Officers and Deputies approached Plaintiff with personal cell phone cameras, 35mm cameras and

other camera recording devices and attempted to take pictures of Plaintiff inside of the jail cell,

in the hallway of the jail, and upon her release, near the lobby area of the jail. Defendants

Unknown Macomb County Correctional and Law Enforcement Officers and Deputies told

Plaintiff, "all we want is some pictures...if you let us take a picture of you, you can go home."

3

Defendants Unknown Macomb County Correctional and Law Enforcement Officers and Deputies

told Plaintiff to look at her son, "look at your son, look at what's happening to him, look at his

face." On or around September 5, 2016, approximately 2 a.m., Defendants Unknown Macomb

County Correctional and Law Enforcement Officers and Deputies said "I can't do this to them

anymore, let her go" and pulled Plaintiff from the jail cell, placed Plaintiff in a wheelchair and

wheeled her to the lobby area, where Plaintiff's son and the bail bondsman had waited over 4

hours in the lobby for her release. Defendants Unknown Macomb County Correctional and Law

Enforcement Officers and Deputies continued their attempts to take pictures of Plaintiff, with

their personal camera devices, even upon her exit from the building. On or around, January

2018, Plaintiff's court appointed attorney filed a Motion to Dismiss the case due to the illegality of the

arrest and on March 27, 2018, the Motion to Dismiss was argued, however, 37th District Court Judge

denied the motion. On April 30, 2018, Plaintiff was tried by a jury in the 37th District Court, wherein the

judge prevented defense counsel from arguing the third element of the crime of Resisting and

Obstructing, the illegality of the arrest, and prevented the jury from being presented with, hearing and

deliberating on all of the elements of the crime, creating a sufficiency of evidence error. On May 1, 2018,

based on the insufficiency of evidence presented to the jury, Plaintiff was wrongfully convicted of

Opposing under MCL 750.81(d)(1). On June 26, 2018 Plaintiff appealed her conviction and Macomb

County was ordered to pay the cost of the appeal process. On December 26, 2018, Plaintiff prevailed on

appeal and an order of acquittal was entered. However, Macomb County Prosecutor's Office filed a

Motion for Reconsideration on January 18, 2019, 24 days after the acquittal, and claimed that they were

never served with nor received the claim of appeal nor related appellate documents, however never

addressed receipt of the 400 page trial transcript mailed directly from 37th District Court to the

Prosecutor's Office. Moreover, never explained how they received any information regarding the

acquittal to file any motion. The Circuit Court judge granted their motion, set aside the order of acquittal,

4

and directed Plaintiff and her attorney to file a Delayed Claim of Appeal. As of May 20, 2019, oral argument on appeal was heard and the decision is currently pending. Plaintiff anticipates amending her complaint pending the outcome of the judge's decision. Defendant, City of Warren and/or the Warren Police Department is also liable for these injuries as more fully set forth herein.

### JURISDICTION AND VENUE

3. Jurisdiction is founded upon 28 USC Section 1331, Section 1343, and Section 1367, upon supplemental and/or pendent jurisdiction of this Court to adjudicate claims under Michigan law.

4. Venue is proper under 28 U.S.C Section 1391, because all of the acts or omissions complained of herein occurred within this District. This matter arises under the constitutions and laws of the United States and the State of Michigan. The amount in controversy is also in excess of Seventy-Five Thousand Dollars ($75,000.00).

### PARTIES

5. That all times pertinent hereto, Plaintiff LaTausha Simmons is a resident of this District.

6. At all times relevant, LaTausha Simmons had a constitutionally protected rirght, privileges and immunities afforded to her under the United States Constitution and all Federal Statutes.

7. That all times pertinent hereto, Defendant, City of Warren is a municipal corporation chartered under the laws of the State of Michigan, located in the County of Macomb, State of Michigan and is recognized as an entity that can be sued for constitutional violations under 42 U.S.C. Section 1983. Defendant Warren Poilce Department is a subdivision of the City of Warren and upon information and belief, is subject to the same theories of liability.

8. Defendant Warren Police Commissioner Bill Dwyer was at all times relevant herein, employed as a police commissioner for the City of Warren and was acting under Color of State Law and within the scope of his employment. He is being sued in his individual, as well as his official capacity.

9. Defendant Officer Sean Sullivan was at all times relevant herein employed as a police officer for the City of Warren and was acting under Color of State Law and within the scope of his employment.

He is being sued in his individual, as well as his official capacity.

10. Defendant Officer Robert Horlocker was at all times relevant herein employed as a police officer for the City of Warren and was acting under Color of State Law and within the scope of his employment. He is being sued in his individual, as well as his official capacity.

11. Defendant Unknown Officers, upon information and belief, were at all times relevant herein employed as police officers for the City of Warren and were acting under Color of State Law and within the scope of their employment. They are being sued in their individual, as well as their official capacities.

12. The Defendants are not entitled to qualified immunity.

13. Defendant Macomb County, at all times relevant, was a municipal and county government subdivision organized and existing under the laws of the State of Michigan.

14. Defendants Sheriff Anthony Wickersham and Unknown Macomb County Correctional and Law Enforcement Officers and Deputies were employees of the Defendant Macomb County Sheriff Department and were acting under color of state law and were acting in the course and scope of their employment with the Defendant County.

15. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs and attorney fees.

16. Defendants are not entitled to qualified immunity.

17. Defendants City of Warren and Macomb County are liable under state and/or federal law for all injuries proximately caused by:

a. Intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to custom, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions

6

and laws of the United States and/or of the State of Michigan.

## COMMON ALLEGATIONS

18. On May 24, 2016, Plaintiff was grocery shopping at Dave's Marketplace at 27000 Ryan road, Warren, MI and had arrived at the store approximately between 10:45 am and 10:50 am.

19. Plaintiff entered the parking lot of the strip mall and proceeded to Dave's Marketplace, however upon attempting to enter the south parking lot, she was blocked by a large delivery truck and could not enter the parking where she wanted to park.

20. Plaintiff was then trapped behind the building with delivery vehicles and traffic to the north end of the parking lot where Plaintiff had entered. Plaintiff was literally blocked by delivery trucks on both ends and could not proceed in either direction. Plaintiff waited for over 5 minutes for the vehicles to move however, they did not.

21. Plaintiff moved her vehicle to the side where traffic would not be blocked, exited her vehicle and entered Dave's Marketplace.

22. While Plaintiff was purchasing her groceries, she saw Defendant Officer Sean Sullivan in the front of the store near the service desk joking, playing and laughing with an employee to the point their conversation elevated to a point of distracting the cashier and bagger multiple times, causing both pause and look in the direction of the noise and elevated even more to extent to the point it caused Plaintiff to look in that direction, as well and observed Defendant Sullivan and the employee were the cause of the noise.

23. Plaintiff paid for her groceries, the bagger handed to her the grocery bags and Plaintiff proceeded to leave.

24. Defendant Officer Sullivan, looked directly at Plaintiff as well as the store employee as Plaintiff was approaching the exit. Defendant Officer Sullivan, turned directly in front of Plaintiff, with his back facing her and being to intentionally slow his pace of walk, more and more to the extent he is intentionally blocking Plaintiff from exiting the store through the sliding glass doors. Plaintiff had to stop to prevent from walking directly into Defendant Officer Sullivan, however he continued to blocked her

7

path to the sliding glass door.

25. Plaintiff exited the store through the next closest door, which was closest to her vehicle.

26. Plaintiff entered her vehicle, placed her bags on the passenger side and proceeded to leave, however was blocked by several large delivery semi-truck, preventing Plaintiff from driving the way she entered the parking lot.

27. Defendant Officer Sullivan proceeded to leave the parking lot and attempted to drive past Plaintiff to head north, however notice that the northside of the building was blocked by delivery vehicles. Officer Sullivan backed his vehicle up, and proceeded back south into the parking lot out of the view of Plaintiff.

28. Plaintiff proceeded to leave headed south in the parking, however was blocked by Defendant Sullivan walking in front of her vehicle causing her to stop.

29. Defendant Sullivan uttered something at a distance that Plaintiff could not hear with the window rolled up. Defendant Sullivan had approached Plaintiff multiple times without his vest video and/or audio recording.

30. As Defendant Sullivan without his vest cam video and/or audio recording, approached Plaintiff's vehicle, Plaintiff rolled down her window to hear what he had to say.

31. Defendant Sullivan asked Plaintiff her name and upon Plaintiff answering his question with a question "my name", Defendant Sullivan became irate, and volatile.

32. Defendant Sullivan came back, without vest cam video and audio recording, and told Plaintiff that he will get her name and her name better match the name on the license plate, and also told Plaintiff "you look suspicious." Defendant Sullivan walked behind the vehicle, ran to his vehicle and seconds later ran back to Plaintiff's vehicle calling her name 3 (three times) "LaTausha, LaTausha, LaTausha."

33. Plaintiff remained calm and exercised her constitutional right not to engage in a conversation with Defendant Sullivan and refrained from answering any questions.

34. Defendant Sullivan told Plaintiff, "I will get your name, I will get it, when you get out on the

8

road"..."I got until 8 'clock tonight to wait for you".... "you gonna have to leave this parking and I will get it then."

35. Defendant Sullivan got into his vehicle and parked near the sliding glass door, waited a couple of minutes then approached Plaintiff again, this time with his vest audio on and dash cam recording, and pulled his vehicle in front of Plaintiff's vehicle to block her driving and put on a series of acts for the camera.

36. Defendant Sullivan gave testimony that his dash cam automatically turns on when he drives his vehicle, however refused to turn over any other dash cam video related to him driving to Dave's Marketplace, entering the parking lot, driving through the parking lot, attempting to leave the parking lot. As all of that evidence would substantiate Plaintiff's claims that she was approached multiple times by Defendant Sullivan and that he falsified his police report.

37. Defendant  Sullivan became hostile and began telling Plaintiff to give him her ID and that Plaintiff has to prove that the vehicle is hers before she could leave the parking lot.

38. Defendant Sullivan accused Plaintiff, an African American female, of theft from the store, theft of the vehicle and even robbery of the store, however no one ever reported any crime nor dispatched him to the location. Defendant Sullivan claimed he drove over 8 miles or more to Dave's Marketplace just to get a bottle of water.

39. Defendant Sullivan turned off his vest cam audio, ran to get the employee from the inside of the store, the same female that he was joking, playing and laughing with inside of the store, while Plaintiff ws purchasing her groceries and personally observed him inside of the store with her, and attempted to use her to identify Plaintiff, then he called another male employee over to ask him if he got anything missing from the store, and said "she probable stole some meat or something."

40. Defendant Sullivan dispatched Defendant Officer Horlocker, and upon his arrival, both officers conspired and decided to illegally arrest Plaintiff and gave testimony that "we decide that we were going to arrest her for not cooperating." Defendant Officer Horlocker arrived and told Plaintiff she

9

did not have any constitutional rights "what constitutional rights....you don't have any constitutional

rights..." while Plaintiff sat in her vehicle in the private parking lot of the grocery store. Defendant

Horlocker made threats of breaking out Plaintiff's window to get inside of her vehicle. Defendant

Sullivan told Defendant Horlocker to park behind Plaintiff's vehicle and block/trap Plaintiff in

completely.

    41. Defendants Officer Sullivan and Horlocker dispatched for Defendant Officer Sciullo.

    42. Defendant Officer Sciullo told Officer to go ahead and break the window out.

    43. Defendant Officer Horlocker, shattered the window, busted out the shattered glass, caused the

glass to hit Plaintiff in the face, eyes, right ear and torso, injured Plaintiff's right side of the head, face, ear

and eye. Officer Horlocker reached inside of the vehicle and unlocked all of the doors and opened the

passenger door.

    44. Defendants Officers Sullivan and Sciullo opened the driver's door pulled Plaintiff out of the

vehicle, threw Plaintiff to the ground, injured Plaintiff's rib cage resulting in a rib contusion, caused

Plaintiff left side of head and face to hit the concrete ground, pushed Plaintiff's face and head to the

ground even harder, placed all of their weight on Plaintiff's neck, back and spine, causing bulging and

herniated discs in her cervical spine, Plaintiff weighs approximately 135 pounds and stands 5 feet 6

inches, arrested Plaintiff and subsequently took Plaintiff to the Warren Jail.

    45. As a consequence of the Defendants misdeeds, Plaintiff has suffered various physical injuries

(including but not limited to a torn rotator cuff, rib contusion, loss of a tooth and traumatic brain injury

"TBI"), loss of freedom, as well as emotional injuries, loss income, and other non-economic losses.

Plaintiff was subsequently charged with Misdemeanor Attempted Resisting and Obstructing (MCL

750.81d(1) and not giving DNA (MCL 28.173A).

    46. Defendant Officer Sullivan documented in his police report and other subsequent documents,

the incorrect address for Plaintiff and caused court notices, to be sent to the wrong address. The court

never attempted to verify or confirm Plaintiff's address, prior to mailing any court notices. A court date

10

was scheduled without Plaintiff's knowledge, Plaintiff missed court date, and a warrant was issued for Plaintiff's arrest.

47. Plaintiff was picked on the warrant and taken in custody by Warren Police, approximately 3 a.m., on or around September 4, 2016 and was forced into a wheel chair and wheeled into the jail.

48. While in a wheelchair Defendants other unknown Officers of the Warren Police Department, placed Plaintiff into a room in front of a computer, while one of the officers grabbed Plaintiff by the head, with one of his arms wrapped around the top and side of Plaintiff's head and face and his other arm and hand pressed against the other side of Plaintiff 's face, and snatched Plaintiff's head and neck to the right and told her "oh you taking a picture," while the other officer clicked buttons on the computer and said that the pictures were going on facebook, as other officers stood by laughing.

49. Defendants other unknown Officers of the Warren Police Department, forced Plaintiff into a jail cell.

50. Several hours later, Plaintiff was wheeled in a wheelchair to the video room, forced out of the wheelchair, stood before the judge, was given an excessive bond, and less than 2 hours later, despite Plaintiff's bond being posted, unknown Warren Police Officers intentionally documented on Plaintiff's bond release that bond had not been posted and sent Plaintiff to the Macomb County Jail.

51. Defendants Unknown Macomb County Correctional and Law Enforcement Officers and Deputies knew Plaintiff had already posted bond however, would not release Plaintiff and refused to verify that bond had been posted, per Plaintiff's requests.

52. Defendants Unknown Macomb County Correctional and Law Enforcement Officers and Deputies placed Plaintiff in a jail cell with absolutely no means of communicating with anyone and held her there for over 10 hours or more.

53. Defendants Unknown Macomb County Correctional and Law Enforcement Officers and Deputies told Plaintiff that if she take a picture she can go home.

11

54. Defendants Unknown Macomb County Correctional and Law Enforcement Officers and Deputies approached Plaintiff with personal cell phone cameras, 35mm cameras and other camera recording devices and attempted to take pictures of Plaintiff inside of the jail cell, in the hallway of the jail, and upon her release, near the lobby area of the jail.

55. Defendants Unknown Macomb County Correctional and Law Enforcement Officers and Deputies told Plaintiff, "all we want is some pictures...if you let us take a picture of you, you can go home."

56. Defendants Unknown Macomb County Correctional and Law Enforcement Officers and Deputies told Plaintiff to look at Plaintiff's son, "look at your son, look at what's happening to him, look at his face."

57. On or around September 5, 2016, approximately 2 a.m., Defendants Unknown Macomb County Correctional and Law Enforcement Officers and Deputies said "I can't do this to them anymore, let her go" and pulled Plaintiff from the jail cell, placed Plaintiff in a wheel and wheeled her to the lobby area, where Plaintiff's son and the bail bondsman had waited over 4 hours in the lobby for her release.

58. However, Defendants Unknown Macomb County Correctional and Law Enforcement Officers and Deputies continued their attempts to take pictures of Plaintiff, with their personal camera devices, even upon her exit from the jail.

59. On or around, January 2018, Plaintiff's court appointed attorney filed a Motion to Dismiss the case due to the illegality of the arrest and on March 27, 2018, the Motion to Dismiss was argued, however, 37th District Court Judge denied the motion.

60. On April 30, 2018, Plaintiff was tried by a jury in the 37th District Court, wherein the judge prevented defense counsel from arguing the third element of the crime of Resisting and Obstructing, the illegality of the arrest, and prevented the jury from being presented with, hearing and deliberating on all of the elements of the crime, creating a sufficiency of evidence error.

12

61. On May 1, 2018, based on the insufficiency of evidence presented to the jury, Plaintiff was wrongfully convicted of Opposing under MCL 750.81(d)(1).

62. On June 26, 2018 Plaintiff appealed her conviction and Macomb County was ordered to pay the cost of the appeal process.

63. On December 26, 2018, Plaintiff prevailed on appeal and an order of acquittal was entered.

64. However, Macomb County Prosecutor's Office filed a Motion for Reconsideration on January 18, 2019, 24 days after the acquittal, and claimed that they were never served with nor received the claim of appeal nor related appellate documents, however never addressed receiving the 400 page trial transcript mailed directly from 37th District Court to the Prosecutor's Office, moreover never explained how they received any information regarding the acquittal to file any motion.

65. The Circuit Court judge granted their motion, set aside the order of acquittal, and directed Plaintiff and her attorney to file a Delayed Claim of Appeal.

66. As of May 20, 2019, oral argument on appeal was heard and the decision is currently pending. Plaintiff anticipates amending her complaint pending the outcome of the judge's decision. Defendants, City of Warren and/or the Warren Police Department are also liable for these injuries as more fully set forth herein.

67. That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c. Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

g. Post-traumatic stress disorder;

h. Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m. All other damages allowable by law, including nominal damages solely for being subjected

to Constitutional Rights being violated.


68.  Wherefore, Plaintiff prays for judgment against Defendants and each of them in their

individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of

Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees,

as well as substantial punitive and exemplary damages together with such other relief that this Honorable

Court deems just.

## COUNT I
### MONELL CLAIM – DELIBERATE INDIFFERENCE –
### FAILURE TO SUPERVISE AND OR TRAIN AS TO DEFENDANT CITY OF WARREN
### 42 U.S.C. § 1983 MUNICIPAL/SUPERVISORY LIABILITY

69.  Plaintiff hereby incorporates and repeats by reference each and every paragraph of this

Complaint as though fully set forth herein.

70.  Defendant City of Warren and/or Warren Police Department, failed to adequately scutinize

the employment of Defendants and acted with deliberate indifference in training, supervising and/or

retaining Defendants, when the City of Warren and/or Warren Police Department had notice that

Defendants had histories of violating citizen's rights or were neither personally nor psychologically suited

to be employed as law enforcement officers.  Defendants City of Warren and/or Warren Police

Department acted recklessly and/or with deliberate indifference, intentional and callous disregard when it

practiced and/or permitted statute, customs, policies, usages, and/or practices, that resulted in violations to

14

PLAINTIFF's constitutional rights as complained herein.

71. These customs, practices, and/or policies included but were not limited to the following:

    a. Failing to supervise officers to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise officers regarding proper use of force;

    c. Failing to adequately train and/or supervise officers regarding legal search and/or seizures;

    d. Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

    e. Failing to supervise, review, and/or discipline officers whom DEFENDANT CITY OF WARREN and or WARREN POLICE DEPARTMENT knew or should have known were violating or were prone to violate citizen's constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

    f. Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies;

    g. Failing to adequately train and/or supervise officers regarding protection of detainees and/or arrestees in providing proper medical care.

72. Defendant City of Warren and/or Warren Police Department, had in place training or supervision that was inadequate for the tasks performed by its officers.

73. The inadequacy was the result of the municipality's (City of Warren and/or Warren Police Department) deliberate indifference which is successfully alleged as follows:

    a. There are two ways to demonstrate deliberate indifference. Plaintiff could and can "show prior instances of unconstitutional conduct demonstrating that the City of Warren and/or Warren Police Department has ignored a history of abuse and was clearly on notice that the training in this particular area, namely the abuse of arrestees both outside of the Warren Police Station and in the actual Jail and/or

Booking Rooms in the Jail, was deficient and likely to injury.  Plinton v. Cnty. Of Summit, 540 F.3d 459,

464 (6th Cir.2008) (quoting Fisher v. Harden, 398 F.3d 837, 849 (6th Cir.2005)).  Warren Police

Department has had a history of abuse including two publicized and egregious cases of abuse of arrestees

both prior the present.  In short, on/or about November 13, 2013, a potential rape victim was abused by

the Warren Police Department and had her hair/weave ripped/cut off while strapped to a restraining chair

and in the presence of several other officers who either took part and or watched.  On/or about January

14, 2014, Warren Police Department improperly assaulted a man named Torres at his own home and

falsified reports (including stating that Torres resisted arrest).  Warren Police Sergeant Gill wound up

being charged with assault but, a part of his defense, claimed that the charges were "retribution" for him

making "internal" complaints against other officers over the years (See also Jones V. Lacey, No. 14-CV-

10384, 2015 WL 3579252 (E.D. Mich. June 5, 2015).

      b.     In the alternative, Plaintiff can and does establish indifference via "as single violation of

federal rights, accompanied by a showing that a Warren Police Department has failed to train its

employees to handle recurring situations presenting an obvious potential for such violations...." *Id.*

*(quoting Bd. Of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 409, 117 S.Ct. 1382, 137*

*L.Ed.2d 626 (1997)) (*See also Jones V. Lacey, No. 14-CV-10384, 2015 WL 3579252 (E.D. Mich. June 5,

2015).  This is clear pursuant a variety of facts including but not limited to; Defendant Officer Horlocker

telling Plaintiff "what constitutional rights....you don't have any constitutional rights..." and as Plaintiff

remained in her vehicle in a private parking lot of the grocery store. Defendant Officer Horlocker made

threats of breaking out Plaintiff's window to get in her vehicle.  Defendant Sullivan told Defendant

Horlocker to park behind Plaintiff's vehicle and block/trap Plaintiff  in completely.  Officer Sciullo told

Plaintiff that she was under arrest and never established what Plaintiff was under arrest for, then Officer

Horlocker shattered and busted out Plaintiff's passenger vehicle window, while Officer Sullivan and

Sciullo waited on the other side of the vehicle, then they opened Plaintiff's door, pulled her out of the

vehicle, and yelled Plaintiff was under arrest for "Felony Resisting", threw her to the ground, cause her

head to hit the ground, forcibly pushed Plaintiff's head to the ground with all of their weight, placed all of their weight on Plaintiff's neck, back and spine, yanked, pulled and twisted Plaintiff's right arm, handcuffed her wrist, rolled her over and handcuffed the left wrist, yanked her up off the ground took her out of view of any cameras and physically searched her body without a metal detector, found no criminality whatsoever, and the extremely false police report that never established what crime Plaintiff committed, what Plaintiff was under arrest for and only stated that she may also be charged with resisting arrest, but does not describe in full detail the egregious abuse.

74. The above mentioned inadequacy was closely related to or actually caused Plaintiff's injuries." Ellis v. Pendergrass v. Cleveland Mun. Sch. Dist., 455 F.3d 690, 700 (6th Cir.2006); see also Campbell v. City of Springboro, Ohio, 700 F.3d 779,794 (6th Cir.2012) (See also Jones v. Lacey, No. 14-CV-10384, 2015 WL 3579282, at *11 (E.D. Mich. June 5, 2015).

75. When the above egregious conduct by Warren Police officers as delineated in the attached articles is combined with the atrocious abuse and excessive force against Plaintiff in the private parking lot of a grocery store where Plaintiff had been a customer for over 26 years, and in or near the jail/booking room- all done in the presence of other officers – are examined, it is clear that Plaintiff, at the very least, has successfully alleged facts necessary to plead a prima facie case of custom or practice pursuant to Monell standard.

76. Therefore, the City of Warren and or the Warren Police Department, at all time relevant herein, approved, authorized, and acquiesced in the unlawful and unconstitutional conduct of their respective employees and/or agents and consequently are directly liable for the acts of these agents, pursuant to 42 U.S.C. Section 1983.

77. As a direct and proximate cause of the Defendants' actions and omissions, violations of Plaintiff's civil rights, use of excessive force, assault and battery and failure to intervene and prevent and/or stop the use of excessive force, Plaintiff suffered damages including but not limited to economic damages consisting of loss of earnings and/or loss of earning capacity, past, present and future medical

17

expenses and attorney fees; non-economic damages including but limited to those allowed under common and statutory law of the State of Michigan and the United States District Court for the Eastern District of Michigan; and punitive damages.

78.  That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c.  Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

g.  Post-traumatic stress disorder;

h.  Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m.  All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

79.  Wherefore, Plaintiff prays for judgment against Defendants and each of them in their individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees, as well as substantial punitive and exemplary damages together with such other relief that this Honorable Court deems just.

## COUNT II

### EXCESSIVE FORCE BY INDIVIDUAL DEFENDANTS OFFICER SEAN SULLIVAN, OFFICER ROBERT HORLOCKER, OFFICER TIMOTHY SCIULLO AND OTHER UNKNOWN OFFICERS OF THE WARREN POLICE DEPARTMENT - SECTION 1983

80. Plaintiff hereby incorporates and repeats by reference each and every paragraph of this Complaint as though fully set forth herein.

81. The relevant testimony and evidence clearly delineate excessive force both during and after the arrest.

82. The actions of the named Defendants Officer Sean Sullivan, Officer Robert Horlocker, Officer Timothy Sciullo, and other unknown Officers of the Warren Police Department constitute an unjustifiable and excessive use of force without legal justification. Their actions were deliberately indifferent, reckless, wanton, and deprived Plaintiff of her civil rights, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and through 42 U.S.C. Section 1983.

83. Faced with the circumstances present at the aforementioned time and place, reasonably prudent law enforcement officers/personnel would or should have known that the uses of force described herein violated Plaintiff's clearly established Fourth Amendment rights to be free from unreasonable searches and seizures.

84. The actions of the Defendants were committed maliciously and/or in an unreasonable, wanton and/or reckless manner.

85. Defendants actions were performed under color of state law and deprived Plaintiff of Federally protected rights, in violation of 42 U.S.C. Section 1983.

86. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiff suffered physical injuries and emotional distress.

87. That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c. Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

g. Post-traumatic stress disorder;

h. Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m. All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

88. Wherefore, Plaintiff prays for judgment against Defendants and each of them in their individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees, as well as substantial punitive and exemplary damages together with such other relief that this Honorable Court deems just.

## COUNT III
## ASSAULT AND BATTERY – MICHIGAN STATE LAW CLAIM

89. Plaintiff hereby incorporates and repeats by reference each and every paragraph of this Complaint as though fully set forth herein.

20

90.   Defendants threatened bodily harm against Plaintiff which caused her to be in fear of imminent peril and/or great bodily harm.

91.   Defendants had apparent authority and ability to carry out the treats of bodily harm and in fact did intentionally and without permission, touch and injure Plaintiff.

92.   At all time relevant, Defendants were acting within the course and scope of their employment therein rendering Defendant City of Warren and/or Warren Police Department liable pursuant to the theories of liability as delineated herein.

93.   The acts and omissions of Defendants constitute assault and battery, as well as willful, wanton, intentional, and reckless conduct under the law of the State of Michigan.

94.   As a direct and proximate result of the Defendants' assault and battery, Plaintiff sustained physical injuries and emotional distress.

95.   That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c.  Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

g.  Post-traumatic stress disorder;

h.  Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m.  All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

96.  Wherefore, Plaintiff prays for judgment against Defendants and each of them in their individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees, as well as substantial punitive and exemplary damages together with such other relief that this Honorable Court deems just.

## COUNT IV
## FAILURE TO PREVENT EXCESSIVE FORCE AS TO ALL DEFENDANTS

97.  Plaintiff hereby incorporates and repeats by reference each and every paragraph of this Complaint as though fully set forth herein.

98.  As stated above, Plaintiff was assaulted and battered and subjected to excessive force both during and after he arrest.

99.  At all time relevant to the above mentioned excessive force and assault and battery, Defendants and/or Defendants' officers had reason to know that excessive force was being used against Plaintiff and said Defendants and/or officers had a realistic opportunity to intervene and protect Plaintiff from said excessive force and failed to act accordingly. (see Floyd v. City of Detroit, 518 F.3d 398, 406 (6th Cir.2008) Bruner v. Dunaway, 684 F.2d 422, 426 (6th Cir.1982), Ontha v. Rutherford Cnty., Tenn., 222 Fed.Appx. 498, 507 (6th Cir.2007), and Wells v. City of Dearborn Heights, 538 F. App'x 631, 639-40 (6th Cir. 2013).

100.  As a direct and proximate result of Defendants failure to prevent the above mentioned excessive force, Plaintiff suffered damages including but not limited to economic damages consisting in loss of earnings and/or loss of earning capacity, past, present and future medical expenses and attorney

fees; non-economic damages including but not limited to those allowed under the common and statutory law of the State of Michigan and the United States District Court for the Eastern District of Michigan; and punitive damages.

101. That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c. Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

g. Post-traumatic stress disorder;

h. Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m. All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

102. Wherefore, Plaintiff prays for judgment against Defendants and each of them in their individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees, as well as substantial punitive and exemplary damages together with such other relief that this Honorable Court deems just.

**COUNT V**

## FALSE ARREST AS TO ALL DEFENDANTS

103.   Plaintiff hereby incorporates and repeats by reference each and every paragraph of this Complaint as though fully set forth herein.

104.   That the reasons of the wrongful acts of Defendants, Plaintiff was falsely arrested and/or detained.

105.   That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c.  Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

g.  Post-traumatic stress disorder;

h.  Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m.  All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

106.   Wherefore, Plaintiff prays for judgment against Defendants and each of them in their individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees, as well as substantial punitive and exemplary damages together with such other relief that this Honorable

24

Court deems just.

## COUNT VI
## FALSE IMPRISONMENT AS TO AL DEFENDANTS

107.   Plaintiff hereby incorporates and repeats by reference each and every paragraph of this

Complaint as though fully set forth herein.

108.  That the reasons of the wrongful acts of Defendants, Plaintiff was falsely imprisoned.

109.  That as a direct and proximate result of the above- and below-described actions, LaTausha

Simmons, suffered damages, including but not limited to:

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c.  Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

g.  Post-traumatic stress disorder;

h.  Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m.  All other damages allowable by law, including nominal damages solely for being subjected to

Constitutional Rights being violated.

110.  Wherefore, Plaintiff prays for judgment against Defendants and each of them in their

individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of

Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees,

as well as substantial punitive and exemplary damages together with such other relief that this Honorable Court deems just.

## COUNT VII
## MALICIOUS PROSECUTION

111.  Plaintiff hereby incorporates and repeats by reference each and every paragraph of this Complaint as though fully set forth herein.

112.  That Defendants, maliciously and intentionally prosecuted Plaintiff for a crime she had not committed and she suffered emotionally and physically for such prosecution.

113.  That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c.  Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

g.  Post-traumatic stress disorder;

h.  Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m.  All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

114.  Wherefore, Plaintiff prays for judgment against Defendants and each of them in their

individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of

Seventy-Five Thousand ($75,000.00) Dollars,  per Defendant, and to award costs, interests, attorney fees,

as well as substantial punitive and exemplary damages together with such other relief that this Honorable

Court deems just.

## COUNT VIII

**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983 BY DEFENDANTS MACOMB COUNTY, MACOMB COUNTY SHERIFF DEPARTMENT, SHERIFF ANTHONY WICKERSHAM AND OTHER UNKNOWN MACOMB COUNTY CORRECTIONAL AND LAW ENFORCEMENT OFFICERS AND DEPUTIES, FOURTH, EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS**

115.  Plaintiff hereby incorporates and repeats by reference each and every paragraph of this

Complaint as though fully set forth herein.

116. When the events alleged in this complaint occurred, Defendants correctional and law

enforcement officers and deputies were acting within the scope of their employment and under color of

law.

117.  Plaintiff Simmons' constitutionally protected rights that Defendants correctional and law

enforcement officers and deputies violated include the following:

a.  her right to liberty protected in the substantive component of the Due Process Clause of the

Fourteenth Amendment.

b.  her right to fair and equal treatment guaranteed and protected by Equal Protection Clause of

the Fourteenth Amendment.

118.  Defendants correctional and law enforcement officers and deputies, acting under the color

of law, transported Plaintiff from the City of Warren jail to the Macomb County Jail, with Plaintiff

27

shackled and obviously suffering from physically injuries, in need of medical treatment, and placed Plaintiff in a jail cell.  Defendants correctional and law enforcement officers and deputies knew or should have known that Plaintiff should have never been transported to the Macomb County Jail, and that Plaintiff's bail had been posted prior to her transport.  Defendants correctional and law enforcement officers and deputies left Plaintiff in a jail cell for over 10 hours, without any means of contacting anyone, and refused to release Plaintiff because they wanted a picture of her with their personal cell phone and personal cameras.

119.  Defendants correctional and law enforcement officers and deputies acting under color of law showed intentional, outrageous, and reckless disregard for Plaintiff Simmons' constitutional rights. Further, Defendants correctional and law enforcement officers and deputies humiliating, harassing and demeaning of Plaintiff resulted in Plaintiff Simmons being seized and detained and placed in a more restrictive setting within Macomb County jail, in violation of Plaintiff Simmons' Fourth and Fourteenth Amendment rights against unreasonable search and seizure.

120. Plaintiff simmons was deprived of medical attention for results of the previous physical injuries she suffered and was deprived of medical attention, emotional counseling for the emotional injuries suffered.

121. Defendants correctional and law enforcement officers and deputies acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff Simmons' constitutional rights.  Further, their actions in detaining Plaintiff Simmons' for longer than necessary, without any means of contacting anyone, and refused to release her until Defendants correctional and law enforcement officers and deputies take a pictures of her in the jail cell, jail hallway, or near the lobby, with their personal cell phone and personal cameras, showed deliberate indifference to Plaintiff Simmons and was a deprivation of her constitutionally protected rights.

122. As a direct proximate result of Defendants correctional and law enforcement officers and

deputies, Plaintiff suffered physical and emotional injuries, loss of freedom and liberty, and other constitutionally protected rights described above.

123. Defendant Macomb County permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights as complained of herein.

124. Defendants Macomb County Sheriff Department and Sheriff Anthony Wichersham acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices and customs, established de facto policy of deliberate indifference to individuals such as Plaintiff Simmons.

125. The customs, practices, and/or policies included, but were not limited to, the following:

a.      Failing to adequately train and/or supervise its corrections and law enforcement officers and deputies so as to prevent violations of citizen's constitutional rights;

b.      Failing to adequately supervise, review, an/or discipline corrections and law enforcement officers and deputies whom Defendants Macomb County, Sheriff Anthony Wickersham and Macomb County Sheriff Department knew of should have known were violating or were prone to violate citizen's constitutional rights, thereby permitting and/or encouraging its  corrections and law enforcement officers and deputies to engage in unlawful conduct.

126. As a direct and proximate result of these policies, practices and customs, Plaintiff Simmons was deprived of her constitutionally protected rights described above. The facts as set forth in the proceeding paragraphs constitute a violation of Plaintiff's Constitutional rights and pursuant to 42 U.S.C. Section 1983, Plaintiff has a viable claim for compensatory and punitive damages, costs and any attorney fees incurred, as set forth in 42 U.S.C. Section 1988. Plaintiff Simmons requests that this court enter judgment against Defendants in her favor in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

127. That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

29

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c. Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

g. Post-traumatic stress disorder;

h. Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m. All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

128. Wherefore, Plaintiff prays for judgment against Defendants and each of them in their individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees, as well as substantial punitive and exemplary damages together with such other relief that this Honorable Court deems just.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

129. Plaintiff hereby incorporates and repeats by reference each and every paragraph of this Complaint as though fully set forth herein.

130. Through their unreasonable and unlawful conduct, the Defendants either intended to cause

30

Plaintiff emotional distress or knew or should have known that their actions or inactions would result in serious emotional distress.   Further, their actions toward Plaintiff were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

131.   In the manner described more fully above, the Defendants engaged in extreme and outrageous conduct.

132.   By assaulting and using excessive force upon Plaintiff, Defendants Officers Sullivan, Horlocker, Sciullo, and other unknown Warren Police officers, either intended that their conduct would cause severe emotional distress to Plaintiff or knew that there was a high probability that their conduct would cause severe emotional distress to Plaintiff.

133.   The misconduct described in this Court was undertaken with malice, willfulness, and reckless indifference to the rights of others

134.   As a direct and proximate cause of the Defendants' actions and omissions, violations of Plaintiff's civil rights, use of excessive force, assault and battery and failure to intervene and prevent and/or stop the use of excessive force, Plaintiff suffered damages including but not limited to economic damages consisting of loss of earnings and/or loss of earning capacity, past present and future medical expenses; non-economic damages including but not limited to those allowed under the common and statutory law of the State of Michigan; and punitive damages.

135.   That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

a. Torn rotator cuff;

b. Traumatic Brain Injury (TBI);

c.  Headaches;

d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

e. Rib contusion;

f. Severe emotional injuries;

31

g. Post-traumatic stress disorder;

h. Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m. All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

136. Wherefore, Plaintiff prays for judgment against Defendants and each of them in their individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees, as well as substantial punitive and exemplary damages together with such other relief that this Honorable Court deems just.

## COUNT X
## GROSS NEGLIGENCE AS TO ALL DEFENDANTS

137. Plaintiff hereby incorporates and repeats by reference each and every paragraph of this Complaint as though fully set forth herein.

138. At all times relevant hereto, Defendants owed a duty to not act in a grossly negligent manner to act prudently and reasonable care and to avoid the use of unnecessary and unreasonable force.

139. Defendants breached the duties owed to Plaintiff LaTausha Simmons when Defendants acted within a substantial lack of concern and with reckless disregard for the safety of LaTausha Simmons, including but not limited to:

a. Using an excessive and unjustifiable force upon LaTausha Simmons as she sat in her vehicle after grocery shopping and exercised her constitutional rights to not speak;

b. Failing to exhaust all other less intrusive uses of force before using excessive and unjustifiable

32

force upon Plaintiff, LaTausha Simmons;

    c. Utilizing excessive and unjustifiable force upon Plaintiff, LaTausha Simmons, who was not in possession of a weapon and did not display any object that appeared to be a weapon;

    d. Utilizing excessive and unjustifiable force upon Plaintiff, LaTausha Simmons, who did not commit any violent crime or felony;

    e. Utilizing excessive and unjustifiable force upon Plaintiff LaTausha Simmons who did not pose an immediate threat of harm to Defendants or any person in the immediate vicinity;

    f. Acting in with reckless disregard for the safety of Plaintiff LaTausha Simmons;

    g. Continued and prolonged detainment of Plaintiff LaTausha Simmons, in the Macomb County Jail, after her bond had been posted, refusing to release her, in violation of her Constitutional rights;

    h. All other breaches learned through the course of discovery which are hereby adopted by reference.

    140. At all times relevant, Defendants conduct was so reckless as to have a substantial disregard as to whether injury would occur and/or otherwise amounts to gross negligence.

    141. As a result of the grossly negligent conduct of Defendants such acts were the proximate cause of all injuries claimed herein.

    142. That Defendants are not entitled to governmental immunity.

    143. The misconduct of Defendants directly and proximately caused Plaintiff, LaTausha Simmons to suffer numerous injuries and damages and will continue to suffer in the future.

    144. That as a direct and proximate result of the above- and below-described actions, LaTausha Simmons, suffered damages, including but not limited to:

    a. Torn rotator cuff;

    b. Traumatic Brain Injury (TBI);

    c. Headaches;

    d. Localized Abscessed to tooth #30 pulpal exposure, tooth extracted;

33

e. Rib contusion;

f. Severe emotional injuries;

g.  Post-traumatic stress disorder;

h.  Sprain of upper arm;

i. post concussion syndrome;

j. sprained wrists;

k. mental anguish;

l. mortification an humiliation

m.  All other damages allowable by law, including nominal damages solely for being subjected to Constitutional Rights being violated.

145.  Wherefore, Plaintiff prays for judgment against Defendants and each of them in their individual and official capacities, in whatever amount Plaintiff is found to be entitled in excess of Seventy-Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interests, attorney fees, as well as substantial punitive and exemplary damages together with such other relief that this Honorable Court deems just.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, in their individual and official capacities, jointly and severally, in whatever amount Plaintiff is found to be entitled, in excess of Seventy-Five Thousand ($75,000.00), per Defendant and to award costs, interests, as well as substantial punitive and exemplary damages, together with such other relief:

1. Legal relief:
   a. compensatory and consequential for all of the injuries identified in the amount in excess of the statutory amount;
   b. punitive and exemplary damages commensurate with the willful and malicious conduct of Defendants;
   c. an award of interest, costs and reasonable attorney fees, that may be associated with this action;

2. Equitable Relief
   a. an award of interest, costs and reasonable attorney fees;
   b. Any other equitable relief that appears appropriate at the time of trial.

3. Damages for Mental and Emotional Distress
   a. an award for Plaintiff's emotional injury and suffering, her shock, fright, outrage, humiliation
   b. an award for punitive and exemplary damages, attorney fees, costs and interest, as may be allowed under law;

4. And and all other relief that this Court deems equitable, necessary, and just.

Date: May 21, 2019

Respectfully submitted,

LaTausha Simmons
20500 Dean
Detroit, MI 48234

35

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

LaTausha Simmons

        Plaintiff,

v.                                                              CASE NO.
                                                                Hon.

City of Warren, a municipal corporation,
the Warren Police Department,
Warren Police Commissioner Bill Dwyer,
Officer Sean Sullivan, Officer Robert Horlocker,
Officer Timothy Sciullo, and other unknown Jane and John Doe
Officers of the Warren Police Department, Macomb County, a municipal corporation,
Macomb County Sheriff's Department, Sheriff Anthony Wickersham
and Unknown Jane and John Doe Macomb County Correctional and
Law Enforcement Officers and Deputies.
Individually, and in their Official Capacities
Jointly and Severally,

        Defendants.

---

LaTausha Simmons
Plaintiff, Pro Se
20500 Dean
Detroit, MI 48234

---

## JURY DEMAND

    **NOW COMES,** Plaintiff, LaTausha Simmons, Pro Se and hereby demands a trial by jury in the

above captioned matter.

Date: May 21, 2019                                   Respectfully submitted,

                                                     LaTausha Simmons
                                                     20500 Dean
                                                     Detroit, MI 48234

36

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

Judge: Michelson, Laurie J.
MJ: Stafford, Elizabeth A.
Filed: 05-24-2019 At 12:44 PM
CMP LATAUSHA SIMMONS V CITY OF WARREN, ET AL (LG)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LATAUSHA SIMMONS

**DEFENDANTS**
CITY OF WARREN, ET. AL.,

**(b)** County of Residence of First Listed Plaintiff   WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   MACOMB
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated *or* Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated *and* Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C SECTIONS 1983, 1985, AND 1988
Brief description of cause:
Deprivation of Rights Under Color of Law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
May 24, 2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　　☐ Yes

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　Other than stated above, are there any pending or previously
　　　　　discontinued or dismissed companion cases in this or any other　　　☐ Yes
　　　　　court, including state court? (Companion cases are matters in which
　　　　　it appears substantially similar evidence will be offered or the same　　☒ No
　　　　　or related parties are present and the cases arise out of the same
　　　　　transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :