UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LATAUSHA SIMMONS, | Civil Action No.: 19-11531 |
| | Honorable Laurie J. Michelson |
| Plaintiff | Magistrate Judge Elizabeth A. Stafford |

v.

CITY OF WARREN, *et al.*,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**
**TO SUMMARILY REMAND STATE CRIMINAL ACTION [ECF NO. 13]**

**I.    INTRODUCTION**

Plaintiff LaTausha Simmons filed a petition for removal of a pending state criminal action against her[1] as part of her civil action against the City of Warren, its police department and some of its officials, and against the County of Macomb, its Sheriff's department and some of its officials. [ECF No. 13; ECF No. 1]. The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial proceedings. [ECF No. 7].

Under 28 U.S.C. § 1455(b)(4), this Court is required to promptly examine Simmons's petition for removal and, "[i]f it clearly appears on the

---

[1] *People of the State of Michigan vs. LaTausha Faith Simmons*, Case No. W160345A, 37th Judicial District Court.

face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." For the following reasons, the Court recommends summary remand of Simmons's 37th District Court case.

## II. BACKGROUND

Simmons originally filed a civil action against the defendants, alleging excessive force, false arrest, false imprisonment, assault and battery, malicious prosecution, violation of civil rights and other related claims. [ECF No. 1]. The subject of the removal petition is a criminal action against Simmons for charges of disorderly conduct and resisting and obstructing an officer. [ECF No. 13]. Both the civil allegations and the criminal charges arise from a confrontation between Simmons and several Warren police officers outside a grocery store in May 2016. [ECF No. 1; ECF No. 13].

Simmons was convicted as charged after a jury trial in the 37th District Court. [ECF No. 13]. The conviction was later reversed on appeal because the trial court erroneously excluded evidence and argument that the arresting officers acted illegally. [*Id.*, PageID.105-106]. The appellate court entered a judgment of acquittal instead of a remand for a new trial because the prosecutor filed no brief on appeal. [*Id.*]. But the judgment of acquittal was set aside because Simmons had not served the prosecutor's

office with her claim of appeal; that is why the prosecutor had failed to file an appellate brief. [*Id.*]. Simmons was permitted to re-file and serve her claim of appeal. [*Id.*, PageID.106]. On June 5, 2019, the court again reversed Simmons's conviction, but this time it remanded the case to the district court for a new trial. [*Id.*, PageID.109]. Days before the retrial scheduled for December 2, 2019, Simmons filed her petition for removal of the criminal action.[2] [*Id.*, PageID.73].

### III.   APPLICABLE LAW AND ANALYSIS

Simmons's petition for removal is likely untimely without a showing of good cause.

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

§ 1455(b)(1). Simmons misquotes this section in her petition, failing to convey that the date of arraignment triggers the 30-day period if it is earlier. [ECF No. 13, PageID.73]. Nor does Simmons provide the date of her

---

[2]Simmons's petition for removal did not preclude the trial from going forward on December 2nd. "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." § 1455(b)(3).

3

arraignment or state good cause for attempting to remove the criminal action on the eve of trial.

Simmons's attempted removal of her criminal case is also subject to summary remand.  28 U.S.C. § 1443(1) allows a state court criminal prosecution "to be removed to federal court if a defendant is denied or cannot enforce in the courts of such State a right under a law providing for equal civil rights."  *Ohio v. Horton,* No. 1:19-CV-837, 2019 WL 5059991, at *1 (S.D. Ohio Oct. 9, 2019), *adopted in relevant part*, 2019 WL 5695860 (S.D. Ohio Nov. 4, 2019) (internal quotations omitted).  Removal under § 1443(1) is justified by laws guaranteeing racial equality, meaning that removal under that section "is limited to those persons who are unable to enforce their right to racial equality because of some *formal expression* of state law."  *Id.* (citing *Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966)) (emphasis added).

Thus, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  A claim that a defendant will be denied due process of law because the prosecution is allegedly "a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy

4

the requirements of § 1443(1)." *Id.* Removal of a state criminal case under § 1443(1) is improper except in the unusual circumstance in which the defendant cannot vindicate her rights to racial equality during the state court proceeding. *Id.*

Although Simmons alleges that the defendant officers violated her constitutional rights "solely for racial reasons," [ECF No. 13, PageID.69], she does not identify any Michigan policy or law "that denies [her] the right to equal treatment on account of [her] race." *Horton*, 2019 WL 5059991, at *2 (internal quotation marks omitted). Simmons does not show that she is precluded from vindicating her rights to racial equality through the state action. In fact, to the contrary, the state court reversed her conviction and granted her a new trial, allowing her the opportunity to vindicate her rights.

Thus, this is not the unusual case in which removal under § 1443(1) should be granted. Instead, the case should be summarily remanded under § 1455(b)(4).

### IV.   CONCLUSION

For the foregoing reasons, the Court recommends **SUMMARY REMAND** of Simmons's state criminal action.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: January 6, 2020

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

6

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 6, 2020.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager