UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

CITY OF WARREN, et al.,

    Defendants.

Case No. 19-11531
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**ORDER ADOPTING REPORT & RECOMMENDATIONS [15][17], DENYING REQUEST FOR STAY [4], AND SUMMARILY REMANDING STATE CRIMINAL ACTION [13]**

    LaTausha Simmons filed this action against the City of Warren, Warren Police Department, Macomb County, Macomb County Sheriff's Department, and a number of law enforcement officials alleging civil rights violations under 42 U.S.C. § 1983 in connection with two arrests of Simmons in 2016. On the same day the case was filed, Simmons filed a request for a stay of the action. (ECF No. 4.) The case was referred to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings. (ECF No. 7.) Simmons subsequently filed a petition for removal of a pending state criminal action that arose from the same confrontation with the police that is the basis of this civil action. (ECF No. 13.) Now before the Court are two Report and Recommendations from Magistrate Judge Stafford recommending denial of Simmon's request for a stay (ECF No. 15) and summary remand of the state criminal action (ECF No. 17).

    In her Reports, issued on January 2, 2020 and January 6, 2020, Magistrate Judge Stafford notified the parties that they were required to file any objections with 14 days of service as provided for in 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No.

15, PageID.250; ECF No. 17, PageID.260.) Because Simmons was served by mail, she had an additional three days to object. *See* Fed. R. Civ. P. 6(d). That deadline passed on January 27, 2020. It is now January 30, 2020 and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Reports and accepts her recommendations. Simmons request for a stay (ECF No. 4) is DENIED WITHOUT PREJUDICE. And Simmons' state criminal action (ECF No. 13) is SUMMARILY REMANDED.

SO ORDERED.

Dated: January 31, 2020

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 31, 2020.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson