UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

Civil Action No.: 19-11531
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

Plaintiff

v.

CITY OF WARREN, *et al.*,

Defendants.

_____/

**REPORT AND RECOMMENDATION TO DENY SIMMONS'S MOTIONS
TO AMEND COMPLAINT [ECF NO. 37, 38], GRANT IN PART
MACOMB DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS [ECF NO. 31] AND GRANT IN PART
WARREN DEFENDANTS' MOTION TO DISMISS [ECF NO. 33]**

## I.    Introduction

Plaintiff LaTausha Simmons filed a civil action against the City of

Warren (Warren), its police department, police commissioner (Dwyer),

three named Warren police officers (Officers Sullivan, Horlocker and

Sciullo) and an unspecified number of unnamed Warren police officers

(collectively, the Warren defendants), as well as the County of Macomb

(Macomb), its sheriff's department, sheriff (Wickersham), and unnamed

correctional and law enforcement officers (collectively, the Macomb

defendants).  [ECF No. 1].  The Honorable Laurie J. Michelson referred the

case to the undersigned for all pretrial proceedings.  [ECF No. 7].  This matter is before the Court on the Macomb defendants' motion for judgment on the pleadings [ECF No. 31] and the Warren defendants' motion to partially dismiss [ECF No. 33].  Simmons filed both a response in opposition and a motion to amend the complaint in response to the Warren defendants' motion [ECF No. 36; ECF No. 37][1] and a motion to amend the complaint in response to the Macomb defendants' motion [ECF No. 38]. The Warren and Macomb defendants each filed a response in opposition to Simmons' motions to amend [ECF No. 43; ECF No. 45], and the Warren defendants filed a reply brief in support of their motion for partial dismissal [ECF No. 44].

---

[1] Simmons's 240-page response is much too long.  It includes miscellaneous and irrelevant newspaper articles about Macomb County officials who are not parties and who have allegedly engaged in wrongdoing unrelated to Simmons's allegations.  For example, Simmons includes articles about former Macomb County Prosecutor Eric Smith being charged with misuse of a forfeiture fund.  Simmons's everything-and-the-kitchen-sink approach is not unusual for *pro se* filers, but it burdens the Court.  "Judges are not like pigs, hunting for truffles that might be buried in the record."  *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n. 1 (6th Cir. 2019) (citation and internal quotations omitted). Simmons is warned that her future filings should include only relevant evidence.

## II.    BACKGROUND

Simmons alleges excessive force, false arrest, false imprisonment, assault and battery, malicious prosecution, violation of civil rights and other related claims arising from a confrontation between Simmons and Officers Sullivan, Horlocker and Sciullo outside a grocery store in May 2016, and her subsequent arrest and detention in Macomb County Jail in September 2016.  [ECF No. 1].

Simmons contends that Officers Sullivan, Horlocker and Sciullo illegally detained her and used excessive force when they arrested her without probable cause in the parking lot of Dave's Marketplace in Warren, Michigan.  [ECF No. 1, PageID.2].  In the complaint, Simmons describes the incident as follows: Officer Sullivan approached her vehicle after she purchased groceries and exited the store.  [*Id.*, PageID.8].  He blocked Simmons's vehicle from exiting the parking lot first by standing in front of it and then parking his vehicle in front of it.  [*Id.*, PageID.8-9].  Officer Sullivan became irate after she refused to give him her name or show her identification.  [*Id.*, PageID.9].  He accused her of theft and called for Officer Horlocker, who parked behind Simmons's vehicle, trapping her. [*Id.*].  They called for Officer Sciullo, who authorized breaking her vehicle's window in order to apprehend her.  [*Id.*, PageID.10].  Officer Horlocker

3

broke the window, and shattered glass injured Simmons's face, eye, ear, head and torso.  [*Id.*].

Officers Sullivan and Sciullo opened the driver's door and threw Simmons to the ground.  [*Id.*].  They pushed her head and face to the ground, and placed their weight on her neck and back while arresting her. [*Id.*].  Simmons claims she suffered a torn rotator cuff, rib contusion, loss of a tooth and traumatic brain injury as a result of this incident.  [*Id.*].  She was charged with attempted resisting and obstructing an officer and disorderly conduct.  [ECF No. 33-17, PageID.634].  Simmons contends that the defendant officers documented her address incorrectly in the police report, resulting in her not receiving mailed court notices, missing a court appearance and having a bench warrant issued for her arrest. [ECF No. 1, PageID.10-11].

Simmons alleges other malfeasance after she was arrested on the bench warrant in September 2016.  [*Id.*, PageID.11].  She contends unnamed Warren police officers grabbed her by the head and neck for photographing.  [*Id.*].  Simmons claims that, despite posting bond, she was sent to Macomb County Jail, where she was held at least ten hours and harassed by unnamed Macomb County correctional and law enforcement officers before being released.  [*Id.*, PageID.11-12].

4

Simmons was convicted of attempted resisting or obstructing a police officer after a jury trial in the 37th District Court.  [ECF No. 33-3, PageID.521].  The conviction was later reversed by a Macomb County Circuit Court judge on appeal because the trial court erroneously excluded evidence and argument that the arresting officers acted illegally.  [ECF No. 33-17].  But the judgment of acquittal was set aside because Simmons failed to serve the prosecution with her claim of appeal.  [*Id.*].  The circuit judge permitted Simmons to re-file and serve her claim of appeal.  [*Id.*].  On June 5, 2019, the circuit court again reversed Simmons's conviction, but instead of acquitting her, it remanded the case to the district court for a new trial.  [*Id.*].  Simmons says that her application for leave to appeal the remand order is pending before the Michigan Supreme Court, and that her re-trial in the 37th District Court has been stayed due to the pandemic. [ECF No. 36, PageID.704].

## III.   ANALYSIS

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

5

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions.  *Iqbal*, 556 U.S. at 668.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  So "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

A motion for judgment on the pleadings under Federal Rule of Procedure 12(c) is governed by the same standards as a motion to dismiss under Rule 12(b)(6).  *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief.  *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

**B.**

Wickersham and Dwyer argue that Simmons's 42 U.S.C. § 1983 claims against them, in both their individual and official capacities, fail as a matter of law.

1.

A suit against an individual in his official capacity amounts to a suit against the office itself.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  "When a claim is brought against both an individual in her official capacity and the governmental entity, the claim against an individual in her official capacity is redundant."  *Exclusive Brands LLC v. City of Garden City*, 19-CV-11062, 2020 WL 5367331, at *7 (E.D. Mich. Sept. 8, 2020) (citing *Jackson v. Shelby Cty.,* 2008 WL 4915434, at *2 (6th Cir. Nov.

7

10, 2008)).  Because Simmons has asserted claims against the governmental entities of Macomb and Warren, the claims against Wickersham and Dwyer in their official capacities are redundant and should be dismissed.  *Id.*

2.

Nor can Simmons's individual liability claims against Dwyer and Wickersham proceed.  *Respondeat superior* liability does not exist under § 1983.  *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013).  "When a plaintiff sues an individual actor under § 1983, '[the] plaintiff must demonstrate that the actor directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself.'"  *Exclusive Brands,* 2020 WL 5367331 at *7 (quoting *Flagg*, 715 F.3d at 174) (internal quotations omitted).  A mere failure to act is not enough to establish supervisory liability. *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).  Instead, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Moderwell v. Cuyahoga County*, 2020 WL 4726456, at *5 (N.D. Ohio Aug. 14, 2020).

8

Thus, to survive a motion to dismiss, a claim for supervisory liability must allege "'more than . . . a passive role in the alleged violations or show mere tacit approval of the goings on.'"  *Peatross v. City of Memphis*, 818 F.3d 233, 243 (6th Cir. 2016) (quoting *Gregory*, 444 F.3d at 751).  Tacit approval can be shown with proof that the supervisor covered up constitutional violations or failed to punish previous acts of wrongful conduct.  *Id.*; *Casey v. Sanders*, No. 7:17-CV-145-KKC, 2018 WL 3078758, at *7 (E.D. Ky. June 21, 2018) (plaintiff did not state plausible claim of supervisory liability when complaint lacked "factual allegations related to the Supervisory Defendants, such as a cover-up following the shooting or a failure to punish previous acts of wrongful conduct, from which the Court could plausibly conclude that the they had implicitly authorized or approved of Trooper Rouse's conduct.").  A plaintiff alleging supervisory liability must allege facts showing a plausible causal connection between the supervisor's wrongful conduct and the alleged constitutional violation. *Hollis v. Edros*, 2020 WL 2395567, at *9-10 (S.D. Ohio May 12, 2020) (individual-capacity claim against supervisory official failed without allegation directly tying official's failure to train and supervise to the specific incident giving rise to the complaint).

a.

9

Simmons's pleadings fail to allege an individual liability theory against Dwyer.  Her original complaint asserts no specific allegations against him. [ECF No. 1].  The proposed amended complaint inserts Dwyer into the existing *Monell* claim for supervisory liability against Macomb.  [ECF No. 1, ¶¶69-76; ECF No. 39, ¶¶69-76].  That claim alleges prior misconduct by the Warren Police Department and contends that the misconduct contributed to the incidents causing Simmons's injuries. [ECF No. 39, ¶73].  But Dwyer was not appointed as the commissioner of the Warren Police Department until July 2017, more than ten months after the incidents giving rise to Simmons's claim.  [ECF No. 44, PageID.1003].  Dwyer therefore could not have directly participated in or encouraged the September 2016 officer misconduct alleged by Simmons.[2]  The Court recommends dismissing the § 1983 individual capacity claim against Dwyer.

b.

Simmons's pleadings also fail to allege facts supporting individual liability against Wickersham.  She alleges that Wickersham failed to adequately train, "supervise, review, and/or discipline corrections and law enforcement officers and deputies whom…[he] knew of should have known

---

[2] For this reason, amending the original complaint to add Dwyer to the supervisory liability claim would be futile.

were violating or were prone to violate citizen's constitutional rights, thereby

permitting and/or encouraging its corrections and law enforcement officers

and deputies to engage in unlawful conduct." [ECF No. 1, PageID.29,

¶125].[3] Simmons's allegations against Wickersham are the type of

"formulaic recitation of the elements of a cause of action" and "naked

assertions" devoid of "further factual enhancement" that fail to state a claim

for relief. *Twombly*, 550 U.S. at 555, 557. She does not allege how

Wickersham's training, supervision, review or discipline were deficient, nor

directly tie any of Wickersham's alleged failures to the conduct at issue in

her complaint. The Court recommends dismissal of Simmons's § 1983

claim against Wickersham in his individual capacity.[4] *See James v. City of*

*Detroit*, 17-10506, 2017 WL 5158740, at *4 (E.D. Mich. Nov. 7, 2017).

---

[3] The proposed amended complaint's allegations against Wickersham are the same as those contained in the original complaint. [ECF No. 39]. The reiteration of these insufficient allegations renders the proposed amended complaint futile.

[4] Wickersham also asserts qualified immunity to Simmons's supervisory liability claims. "[I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015). Even if Simmons had asserted allegations plausibly stating a claim upon which relief could be granted, the fact-intensive nature of the applicable qualified immunity inquiries is better suited for resolution on summary judgment, after discovery. *See id.*

**C.**

Simmons's § 1983 claims against the unnamed correctional and law enforcement officers are barred by the statute of limitations.  The statute of limitations for § 1983 cases derives from that applicable to personal injury cases in the state where the case arises.  *Wilson v. Garcia,* 471 U.S. 261, 272 (1985).  The statute of limitations for § 1983 claims in Michigan is three years.  *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016).  Simmons's interaction with the unnamed officers occurred in September 2016, well over three years ago, and Simmons has an actionable claim against only those defendants who claims commenced before the statute of limitations expired.  *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).  "A civil action against a Doe defendant cannot commence until he or she has been identified and served."  *Rabdeau v. Oakland Cty.,* No. 2:19-CV-10109, 2020 WL 5064376, at *3 (E.D. Mich. Aug. 26, 2020).  It is thus too late for Simmons to amend her complaint to identify the unnamed officers.  *Id.*

It is true that, under Federal Rule of Civil Procedure 15(c)(1)(C), an amendment replacing a party relates back to the filing date of the original

12

complaint if there was "a mistake concerning the proper party's identity."

Fed. R. Civ. P. 15(c)(1)(C). But "[t]he Sixth Circuit has held that an

absence of knowledge [of the party's identity] does not satisfy the mistake

requirement." *Rabdeau*, 2020 WL 5064376, at *4 (internal quotation marks

omitted) (collecting cases). As such, Simmons made no mistake within the

meaning of Rule 15(c)(1)(C), and "any amendment of the complaint to

identify the [unnamed officers] would not relate back to the date of the

original filing." *Id.*

 Simmons argues that the identities of the unnamed officers have

been fraudulently concealed, thus tolling the statute of limitations. [ECF

No. 36, PageID.707-710]. To sustain this argument, Simmons must show

that she "diligently sought to ascertain" the unknown officers' identities.

*Rabdeau*, 2020 WL 5064376, at *4 (citing *Wiggins v. Kimberly-Clark Corp.,*

641 F.App'x 545, 549 (6th Cir. 2016)). She does not make this showing;

Simmons sent no discovery requests to determine the identity of the

officers involved in her September 2016 arrest and jailing. Thus, the

statute of limitations bars Simmons's claims against the unnamed

defendants, and they should be dismissed.

 The Court notes that the Warren defendants asserted the statute-of-

limitations argument in their motion to dismiss, but the Macomb defendants

did not.  Even so, the Court should *sua sponte* dismiss the claims against the unnamed Macomb defendants because they are outside the statute of limitations. 28 U.S.C. § 1915(e)(2)(B) (requiring a court to *sua sponte* dismiss portions of complaint filed by plaintiff proceeding in formal pauperis if it fails to state a claim upon which relief may be granted).

## D.

Defendants argue that Simmons's claims against the Macomb County Sheriff's Department and the Warren Police Department must be dismissed because neither is a distinct legal entity subject to a civil action. [ECF No. 31, PageID.395-397; ECF No. 33, PageID.495-496].  Under Michigan law, police and sheriff departments are subsumed within their municipal entity and are not properly included as separate defendants in civil rights suits.  *Boykins v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007).  Simmons concedes that neither the Warren Police Department nor the Macomb County Sheriff's Department are proper parties.  The Court recommends dismissal of these defendants.

## E.

Simmons also asserts various state law tort claims, including false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress and gross negligence against all defendants.  [ECF No.

14

1].  Macomb and Warren both argue that the state law tort claims against them should be dismissed because governmental immunity shields them from any liability to Simmons.  [ECF No. 31, PageID.393-395; ECF No. 33, PageID.500-501].  Wickersham and Dwyer also assert governmental immunity to the state tort claims.  [ECF No. 31, PageID.392-393; ECF No. 33, PageID.498-499].

1.

"Michigan law provides that governmental agencies are immune from tort liability where they are engaged in the exercise or discharge of a governmental function . . . [and] there is no exception to governmental immunity for intentional torts."  *Kahlich v. City of Grosse Pointe Farms*, 120 F. App'x 580, 585 (6th Cir. 2005) (unpublished) (citing M.C.L. § 691.1407(1) and *Payton v. City of Detroit*, 211 Mich.App. 375 (1995)).  A plaintiff must plead specific facts to show that government immunity does not apply to her claims.  *Marshall v. Wayne Cty.*, 2:19-cv-12515, 2020 WL 5505382, at *5 (E.D.Mich. Sept. 11, 2020) (citing *Chambers v. City of Detroit*, 786 F.Supp.2d 1253, 1271 (E.D.Mich. 2011)).  Simmons has pleaded no facts suggesting governmental immunity does not apply.  To the contrary, the arrest, detention and prosecution of which she complains

15

are governmental functions entitled to immunity.  *Kahlich*, 120 F. App'x at 585.

The Court thus finds that governmental immunity liability protects Macomb and Warren from the asserted state law tort claims and recommends dismissal of Counts III, V-VII and IX-X of Simmons's complaint as to these defendants.

2.

Governmental immunity also bars Simmons's state law tort claims against Wickersham and Dwyer.  "[T]he elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority."  M.C.L. § 691.1407(5).  This section provides immunity to elected officials, including sheriffs and police chiefs.  *HRSS, Inc. v. Wayne Cty. Treasure*r, 279 F. Supp. 2d 846, 851 (E.D. Mich. 2003); *Petipren v. Jaskowski*, 494 Mich. 190, 204, n.32 (2013) (collecting cases).  And the elected officials are immune from liability even for intentional torts if they do not misuse their badges of governmental authority for purposes not authorized by law.  *Marrocco v. Randlett*, 431 Mich. 700, 707 (1988); *Kolley v. Adult Protective Servs.*, 786 F. Supp. 2d 1277, 1300 and n.21 (E.D. Mich. 2011).

16

"The burden is on the plaintiff to establish a statutorily created exception to absolute sovereign immunity." *Chambers*, 786 F. Supp. 2d at 1271-72. For Wickersham and Dwyer, the facts alleged by Simmons do not meet that burden. The Court thus recommends dismissal of all state law claims against Wickersham and Dwyer.

## F.

The Warren defendants contend that, under the *Younger* doctrine, the Court should abstain from deciding Simmons's remaining viable claims against them while her state proceedings are ongoing. In the absence of extraordinary circumstances, federal courts should abstain from adjudicating a plaintiff's federal claim to avoid interference with pending state proceedings involving important state matters. *Younger v. Harris*, 401 U.S. 37, 44-55 (1971). *Younger* permits a federal court to abstain from considering a plaintiff's claims if there are state proceedings that (1) are currently pending; (2) implicate important state interests; and (3) afford the plaintiff an adequate opportunity to raise the federal issues. *Nimer v. Litchfield Twp. Bd. of Trustees,* 707 F.3d 699, 701 (6th Cir. 2013); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

17

These factors support applying *Younger* abstention in this case. First, in this lawsuit, Simmons challenges the validity of her arrest, detention and the pending prosecution for resisting or obstructing an officer, and her excessive force claims hinges on whether she, in fact, resisted and obstructed the officers. *See White v. City of Grand Rapids*, 2019 WL 6907140, at *3 (W.D. Mich. Dec. 19, 2019) ("The reasonableness of the force used by Defendants depends on whether Plaintiff resisted or obstructed arrest and/or caused injury to Defendant Brown."). Second, the state has an important interest in enforcing its criminal laws. *Feiger v. Cox,* 524 F.3d 770, 775 (6th Cir. 2008). Finally, the state court proceedings provide an adequate opportunity for Simmons to raise her constitutional challenges to the validity of her arrest and prosecution. In fact, she has already succeeded in her appeal because the trial court wrongly "prevent[ed] the jury from hearing and deciding whether the officers were acting legally." [ECF No. 33-17, PageID.636]. Simmons has also used state court processes to apply for leave to the Michigan Supreme Court to reverse the order for a new trial; Simmons says that that application is pending. [ECF No. 36, PageID.704].

Courts do recognize some exceptions to the *Younger* abstention doctrine: (1) if "the state proceeding is motivated by a desire to harass or is

18

conducted in bad faith;" (2) if "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," and (3) if there is "an extraordinarily pressing need for immediate federal equitable relief." *White*, 2019 WL 6907140, at *4 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *Moore v. Sims*, 442 U.S. 415, 424 (1979); and *Kugler v. Helfant*, 421 U.S. 117, 125 (1975)).  In the absence of any of these exceptions, which are narrowly construed, *Younger* abstention should apply.  *Id.* (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)).

Simmons's allegations do not successfully invoke any of the *Younger* exceptions.  Although Simmons argues that defendants have acted in bad faith or intend to harass her, the Sixth Circuit has interpreted the "bad faith/harassment" exception quite narrowly:

> As we have explained, the Supreme Court has applied the bad faith/harassment exception 'to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions.'

*Lloyd v. Doherty*, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018) (quoting *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324-25 n.2 (6th Cir. 2001)).  In this case, the alleged bad faith or harassment does not rise to the level required by the exception because there have not been repeated

prosecutions of Simmons and officials have followed through in her prosecution.

Simmons argues that her pending re-trial on the resisting and obstructing charge is a repeat prosecution, violative of the Double Jeopardy Clause, because the state court entered a judgment of acquittal on appeal.[5] [*See* ECF No. 33-17].  An attempt to re-try a defendant after double jeopardy attached may potentially trigger the bad faith *Younger* exception, but double jeopardy did not attach here.

As detailed in the state appellate court's June 2019 opinion, its initial judgment of acquittal was entered without the court having acquired jurisdiction.  [ECF No. 33-17, PageID.634-635].  The judgment of acquittal was therefore void and of no legal effect.  [*Id.*]  On reconsideration, after the error was remedied and the appeal was properly before the court, the conviction was still reversed, but the matter was remanded for a new trial. [*Id.*].  Because the acquittal was a nullity, double jeopardy did not attach, and Simmons's state re-trial is a continued prosecution rather than a repeated one.  *See United States v. Scott*, 437 U.S. 82, 90-91 (1978) (the Double Jeopardy Clause does not bar further prosecution of a claim that is

---

[5] The state circuit court judge who heard Simmons's appeal rejected her double jeopardy argument.  [ECF No. 33-17, PageID.637].

reversed on appeal "on any ground other than the insufficiency of the evidence to support the verdict"); *Patterson v. Haskins*, 470 F.3d 645, 658 (6th Cir. 2006) (reversal because of trial "instructional error" does "not constitute a jeopardy-terminating event."). Thus, the bad faith or harassment exception does not apply.  Simmons does not invoke either of the other *Younger* exceptions—that a statute is patently unconstitutional or that an extraordinarily pressing need requires immediate federal relief—so the *Younger* abstention doctrine should be applied for Simmons's surviving claims.

Finally, the Warren defendants urge the Court to apply *Younger* by dismissing without prejudice the *Monell* claim, and staying proceedings for all other remaining claims.  [ECF No. 33, PageID.504-506].  Although a *Younger* abstention sometimes warrants dismissal of a claim without prejudice, if the plaintiff seeks damages as her only relief, the Court "must stay the case instead of exercising its discretion to dismiss the case." *Nimer*, 707 F.3d at 702.  "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 731 (1996)).

Simmons's complaint does ostensibly demand equitable relief, but she specified no injunctive or declaratory relief.  [ECF No. 1, PageID.35]. With only damages sought, the Court may not dismiss the case, but may invoke the *Younger* doctrine to stay the case pending resolution of the states claims.   *Id.*; *Schwab v. Kent Cty. Parole Director*, 2020 WL 5087881, at *4 (W.D. Mich. Aug. 28, 2020).

For all these reasons, Simmons's claims should be stayed, and her case administratively closed, until her state prosecution is resolved*. Spencer v. Gasper*, No. 1:19-CV-201, 2019 WL 10632874, at *1 (W.D. Mich. Apr. 22, 2019) (staying and administratively closing case because of *Younger* abstention).  The stay should apply to the claims against the Macomb defendants too, even though they did not move for *Younger* abstention, because "[c]ourts can and should, if appropriate, raise the issue of *Younger* abstention *sua sponte.*"  *Doe v. Lee*, 2020 WL 4926607, at *2 n.2 (M.D. Tenn. Aug. 21, 2020) (citing *Hill v. Snyder*, 878 F.3d 193, 206 n.3 (6th Cir. 2017)).

**G.**

Simmons filed two motions to amend her complaint and submitted a proposed amended complaint in response to defendants' dispositive motions.  [ECF No. 37; ECF No. 38; ECF No. 39].  She seeks to add new

factual allegations to support her existing claims, and to fend off their dismissal.

A motion to amend a pleading should be denied if the claims are futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Defendants argue that Simmons's proposed amendments to the complaint would be futile. The Court agrees. Simmons's proposed amended complaint does not plead any additional facts that would cure the deficiencies of her original complaint. [ECF No. 1; ECF No. 39].

Like the original complaint, Simmons's proposed amended pleading fails to allege facts supporting an individual liability theory against Wickersham. The amended allegation only restates that Wickersham failed to adequately train, "supervise, review, and/or discipline corrections and law enforcement officers and deputies whom . . . [he] knew of should have known were violating or were prone to violate citizen's constitutional rights, thereby permitting and/or encouraging its corrections and law enforcement officers and deputies to engage in unlawful conduct." [ECF No. 1,

23

PageID.29, ¶125; ECF No. 39, PageID.952, ¶125]. Simmons offers nothing new to suggest how Wickersham's actions were deficient.

Simmons adds new factual allegations against Dwyer by inserting his name into the otherwise indistinguishable original Count I. [ECF No. 1, ¶¶69-76; ECF No. 39, ¶¶69-76]. But these new allegations against Dwyer are legally inconsequential because Dwyer was not the Warren police commissioner until ten months after the later of the two confrontations Simmons had with members of the Warren Police Department. Simmons's claim against Dwyer for individual supervisory liability fails as a matter of law under the proposed amended complaint, as well as the original.

As discussed, the other claims subject to dismissal fail as a matter of law and cannot be saved by any of the proposed amendments to the complaint. The proposed amendments are thus futile, and Simmons's motions to amend her complaint should be denied.[6]

## IV. CONCLUSION

---

[6] The Court recognizes that motions to amend pleadings can be resolved by a magistrate judge under 28 U.S.C. § 636(b)(1)(B). *See Chinn v. Jenkins*, No. 3:02-CV-512, 2017 WL 1177610, at *2 (S.D. Ohio Mar. 30, 2017); *Spencer,* 2019 WL 10632874, at *1. But because Simmons filed her motions to amend specifically to clarify her claims in response to defendants' motions to dismiss, [ECF No. 37; ECF No. 38], the Court incorporates those motions in this report and recommendation.

The Court recommends that Simmons's motions to amend complaint [ECF No. 37; ECF No. 38] be **DENIED**, that the Macomb defendants' motion for judgment on the pleadings [ECF No. 31] be **GRANTED IN PART, DENIED IN PART**, and that the Warren defendants' motion to dismiss [ECF No. 33] be **GRANTED IN PART, DENIED IN PART**.

Specifically, the Court recommends that all claims against Wickersham and Dwyer be **DISMISSED**; all claims against unnamed defendants be **DISMISSED**; and all claims against the Warren Police Department and the Macomb County Sheriff's Department be **DISMISSED**. The Court also recommends that Macomb and Warren be **DISMISSED** from Counts III, V-VII, IX-X of Simmons's complaint.

If these recommendations are adopted, the counts of the complaint that would remain are:  Counts I and IV as to Warren; Counts IV and VIII as to Macomb; and Counts II-VII, IX-X as to Officers Sullivan, Horlocker and Sciullo.  The Court recommends staying further proceedings on these remaining claims, and administratively closing the case, pending final resolution of the state criminal proceedings.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 7, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

26

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 7, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
