UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

CITY OF WARREN, et al.,

    Defendants.

Case No. 19-11531
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION [46] AND RESCINDING REFERRAL**

LaTausha Simmons filed this action against the City of Warren, Warren Police Department, Macomb County, Macomb County Sheriff's Department, and a number of law enforcement officials. She alleges civil rights violations under 42 U.S.C. § 1983 and state-law tort claims in connection with two arrests of Simmons in 2016.

The case was referred to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings. (ECF No. 7.) Now before the Court is a Report and Recommendation from Magistrate Judge Stafford addressing a number of pending motions. (ECF No. 46.) She recommends denying Simmons' motions to amend her complaint (ECF Nos. 37, 38), granting in part the Macomb Defendants' motion for judgment on the pleadings (ECF No. 31), and granting in part the Warren Defendants' motion to dismiss (ECF No. 33).

At the conclusion of her October 7, 2020 Report and Recommendation, Magistrate Judge Stafford notified the parties that they were required to file any objections within

fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 46, PageID.1053.) Due to the extraordinary circumstances caused by the COVID-19 pandemic, the Court allowed for additional time to object. It has now been over 30 days since the Report was served on the parties and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review by this Court of the Magistrate Judge's findings. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. *Id.*

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts her recommendations as follows (*see* ECF No. 46), granting in part the Macomb Defendants' motion for judgment on the pleadings (ECF No. 31) and granting in part the Warren Defendants' motion to dismiss (ECF No. 33):

- All claims against Defendants Dwyer and Wickersham are DISMISSED because the federal claims fail to state a claim upon which relief may be granted and the state law claims are barred by sovereign immunity;

- All claims against the unnamed Doe Defendants are DISMISSED because they are barred by the statute of limitations;

- All claims against the Warren Police Department and the Macomb County Sheriff's Department are DISMISSED because neither department is a distinct legal entity subject to a civil action;

- Counts III, V–VII, IX, X against Macomb County and the City of Warren are DISMISSED because the claims are barred by sovereign immunity;

- Plaintiff's motions to amend complaint (ECF No. 37, 38) are DENIED as futile.

The remaining claims are as follows:

- Count I and IV against the City of Warren;

- Counts IV and VIII against Macomb County;

- Counts II–VII, IX and X against Sullivan, Horlocker, and Sciullo.

The Court STAYS further proceedings on these claims and ADMINISTRATIVELY CLOSES THE CASE, pending final resolution of the state-court criminal proceedings against Simmons. *See Younger v. Harris*, 401 U.S. 37, 44–55 (1971). The parties are ORDERED to inform the Court in writing once the criminal case has been resolved.

The Court also notes that there are three other outstanding motions that can be resolved before the case is stayed; therefore, the Court hereby RESCINDS the Order of Reference for all pretrial proceedings filed on June 9, 2019 (ECF No. 7). The Court DISMISSES as moot the Warren Defendants' motion for leave to file exhibit in traditional manner (ECF No. 34) and Simmons' motion to exceed page limit (ECF No. 40). The Court also DISMISSES WITHOUT PREJUDICE to refiling when the case is reopened Simmons' motion to compel discovery of a non-party witness (ECF No. 29).

SO ORDERED.

Dated: November 20, 2020

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE