UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LATAUSHA SIMMONS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF WARREN, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 19-cv-11531<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

### ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND ADJOURN THE SCHEDULING ORDER (ECF NO. 61)

Plaintiff Latausha Simmons, proceeding pro se, sues the City of Warren, Macomb County, and officials of those municipalities for alleged offenses arising from a confrontation with police officers in May 2016 and Simmons's subsequent arrest and detention in September 2016. ECF No. 1. The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 53. Defendants move to compel Simmons's cooperation in discovery and to adjourn the scheduling order. ECF No. 59. The Court **DENIES** the motion.

Defendants claim that Simmons failed to appear for her deposition, respond appropriately to discovery requests, or provide adequate Rule 26

disclosures. The motion is untimely, as it was filed three weeks after the September 4, 2024, discovery deadline. It is within a district court's discretion to deny discovery motions filed after the discovery deadline. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (collecting cases in which "courts have denied discovery motions filed after the close of discovery" and "[r]eviewing courts have also affirmed the denial of untimely motions to compel").

Defendants have outlined several instances of Simmons's failure to cooperate when the Court could have intervened. Simmons objected to appearing for deposition in June and July 2024. ECF No. 61-3; ECF No. 61-5. And Simmons allegedly failed to respond appropriately to discovery requests in July and August 2024. ECF No. 61, PageID.1198-1202. Yet defendants waited until September 24, 2024, to move to compel, only ten days before the dispositive motion deadline. *See* ECF No. 61. Their motion does not account for this delay.

At this stage, relief for Simmons's failure to appear for her deposition or respond appropriately to discovery must be sought through a motion for sanctions under Rule 37. The Court warned Simmons in the scheduling order that she "must comply with the Federal Rules of Civil Procedure, the Local Rules, and all other rules of law applicable to the case" and that

2

"[f]ailure to do so may result in sanctions, including dismissal of her claims." ECF No. 55. Thus, if defendants can show that Simmons failed to comply with her discovery obligations, sanctions may be imposed.

Defendants also move to adjourn the scheduling order and extend discovery. The Court may modify the schedule only for good cause. Fed. R. Civ. P. 16(b)(4). And when a party seeks to file a motion after a scheduling order deadline, the Court must also apply Federal Rule of Civil Procedure 6(b). *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240-42 (E.D. Ky. 2018). Under Rule 6(b), when a motion for extension is made after the relevant deadline, the moving party must show excusable neglect. *Id.* To decide whether a party's tardiness is due to "excusable neglect," courts weigh these equitable factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Century Indem.,* 323 F.R.D. at 241-42.

These factors do not warrant an adjournment. Defendants could have moved to extend discovery when Simmons failed to appear for her deposition or engage in discovery, well before the deadline lapsed. Yet defendants fail to justify their tardiness. Given that the case has been

3

pending since 2019, the Court declines to prolong matters further by extending discovery.

Thus, the Court **DENIES** defendants' motion to compel and adjourn the scheduling order (ECF No. 61).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 26, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 26, 2024.

s/Julie Owens
JULIE OWENS

                                                            Case Manager