UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LATAUSHA SIMMONS, | |
| Plaintiff, | Case No. 19-cv-11531 |
| | Honorable Laurie J. Michelson |
| v. | Magistrate Judge Elizabeth A. Stafford |
| CITY OF WARREN, *et al.*, | |
| Defendants. | |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (ECF NO. 59)

### I.    Introduction

Plaintiff Latausha Simmons, proceeding pro se, sues the City of Warren, Macomb County, and officials of those municipalities for alleged offenses arising from a confrontation with police officers in May 2016 and Simmons's subsequent arrest and detention in September 2016.  ECF No. 1.  The Honorable Laurie J. Michelson referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b)(1).  ECF No. 53. Simmons moves for leave to amend her complaint.  ECF No. 59.  The Court **DENIES** the motion.

## II.    Background

Simmons alleges that Warren Police Officers Sullivan, Horlocker, and Sciullo illegally detained her and used excessive force when they arrested her without probable cause in the parking lot of a grocery store in Warren, Michigan.  ECF No. 1, PageID.2, 8-9.  She was charged with attempted resisting and obstructing an officer.  *State of Michigan v. Simmons*, No. 2016-W163045-FY (37th District Court).[1]  Simmons contends that the defendant officers documented her address incorrectly in the police report.  ECF No. 1, PageID.10.  As a result, Simmons missed a court appearance because she did not receive notice, and a bench warrant was issued for her arrest.  *Id.*, PageID.10-11.

Simmons was arrested on the bench warrant in September 2016 and alleges other malfeasance arising from that arrest.  *Id.*, PageID.11.  She claims that unnamed Warren police officers grabbed her by the head and neck for photographing.  *Id.*  And Simmons alleges that, despite posting bond, she was sent to Macomb County Jail (MCJ), where she was held for

---

[1] *See* https://micourt.courts.michigan.gov/case-search/court/D37/case-details?caseId=2016-W163045-FY-01&tenantKey=D37-50-1615781-00-00&searchUrl=%2Fcourt%2FD37%2Fsearch%3FlastName%3Dsimmons%26firstName%3Dlatausha%26page%3D1.

at least ten hours and was harassed by unnamed corrections officers before being released.  *Id.*, PageID.11-12.

Simmons was convicted of attempted resisting or obstructing a police officer after a jury trial.  *People v. Simmons*, 979 N.W.2d 373, 376 (Mich. Ct. App. 2021).  The conviction was later reversed by a Macomb County Circuit Court judge on appeal.  ECF No. 33-17.  But the judgment of acquittal was set aside because Simmons failed to serve the prosecution with her claim of appeal.  *Id.*  The circuit judge permitted Simmons to re-file and serve her claim of appeal.  *Id.*  In June 2019, the circuit court again reversed Simmons's conviction, but rather than acquit her, it remanded the case to the district court for a new trial.  *Id.*  Simmons appealed the remand order, and the Michigan Court of Appeals ultimately affirmed the circuit judge's order.  *See People v. Simmons*, No. 349547, 2022 WL 3692272 (Mich. Ct. App. Aug. 25, 2022).  In February 2024, the prosecutor dismissed the charge against Simmons, and the case was closed.  *State of Michigan v. Simmons*, No. 2016-W163045-FY (37th District Court).

While Simmons's criminal case was pending in state court, she filed this lawsuit against the City; the Warren Police Department (WPD); Warren Police Commissioner Bill Dwyer; Sullivan; Horlocker; Sciullo; the County; the Macomb County Sheriff's Department (MCSD); Macomb County Sheriff

Anthony Wickersham; and other unknown officers of the WPD, MCSD, and

MCJ.  Judge Michelson adopted this Court's recommendation to dismiss

the claims against Dwyer, Wickersham, the WPD, the MCSD, and the

unnamed defendants and to dismiss some claims against the City and

County.  ECF No. 46; ECF No. 47.  The surviving claims include *Monell*

claims against the City and County and claims of excessive force, assault

and battery, failure to intervene, false arrest, false imprisonment, malicious

prosecution, intentional infliction of emotional distress, and gross

negligence against Sullivan, Horlocker, and Sciullo.  ECF No. 47.[2]

## III.   Analysis

### A.

Federal Rule of Civil Procedure 15(a)(2) states that leave to amend

should be freely given "when justice so requires."  But a motion to amend

"should be denied if the amendment is brought in bad faith, for dilatory

purposes, results in undue delay or prejudice to the opposing party, or

would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010)

(cleaned up).  "A proposed amendment is futile if the amendment could not

---

[2] Judge Michelson stayed the remaining claims and administratively closed
the case pending final resolution of the state-court criminal proceedings.
ECF No. 47.  She lifted the stay and reopened the case after the criminal
charges were dismissed.  ECF No. 52.

withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Iqbal*, 556 U.S. at 678.  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*, and the Court has no duty to create a claim not spelled out in the pleadings,

5

*Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Simmons's amended complaint does not meet the pleading standards of Federal Rule of Civil Procedure 8.  Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that each allegation be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  The rule ensures that "the district court and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (cleaned up).  To determine whether a complaint violates Rule 8, "the key is whether the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised."  *Id.* (cleaned up).

Bain's 93-page, 21-count amended complaint is so rambling and disjointed that it renders her claims incomprehensible.  Many counts assert

6

several claims at once.  For example, she claims excessive force as the

basis for alleged violations of 42 U.S.C. §§ 1983, 1985, and 1988; the

Fourth, Eighth, and Fourteenth Amendments; and the statutory and

common laws of Michigan.  ECF No. 59-1, PageID.1112, 1166.  Although

the amended complaint may plausibly allege excessive force in violation of

the Fourth Amendment, the pleadings supporting this count do not describe

with any clarity the legal bases for the other claims.  *See id.*  Instead,

Simmons vaguely references legal terms of art, claiming that defendants

were "deliberately indifferent," "reckless," and "wanton," or acted

"maliciously."  *Id.*, PageID.1113.

Another count asserts violations of 42 U.S.C. §§ 1983, 1985, and

1988; the First, Fourth, Fifth, Eighth, and Fourteenth Amendments; and the

statutory and common laws of Michigan.  *Id.*, PageID.1144.  Within that

count, Simmons alleges:

> Defendants Sullivan, Horlocker, Sciullo retaliated against
> Plaintiff for the exercise of her constitutionally protected Fifth
> Amendment rights to remain silent and used excessive force
> against her, willfully and wantonly, and with deliberate
> indifference.  A violation of Plaintiff's constitutionally protected
> right under the federal Eighth and Fourteenth Amendments.

*Id.*  Simmons then describes the allegedly excessive force used to pull her

out of her car and subdue her on the ground and claims that defendants

"unlawfully searched and seized Plaintiff and her property without due

7

process, willfully and wantonly, and with deliberate indifference," in violation of the Fourth and Fourteenth Amendments. *Id.*, PageID.1145. Again, this count is a word salad. It is unclear whether Simmons is alleging violations of the First, Fourth, Fifth, Eighth, or Fourteenth Amendments, and she fails to explain the basis for each of those claims.

Simmons also separately asserts *Monell* claims against the City, the County, Dwyer, and Wickersham.[3] *Id.*, PageID.1109, 1163. Yet she repeatedly combines *Monell* claims with other counts, alleging that those defendants "established, promulgated, implemented, acquiesced, and maintained customs, policies, or policies" that violated her constitutional rights. *E.g.*, *id.*, PageID.1113, 1119, 1121-1122, 1125, 1127, 1167-1169, 1171.

Although the Court highlights a small sample of the pleadings, these flaws are prevalent throughout the amended complaint. Simmons's scattershot pleading is so verbose and redundant that it obscures what claims she is asserting. Comprehending its meaning would require the Court "or opposing party to forever sift through its pages in search of that understanding." *See Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir.

---

[3] The Court dismissed the claims against Dwyer and Wickersham, and the amended complaint does not address or correct the deficiencies leading to their dismissal. ECF No. 46, PageID.1034-1038; ECF No. 47.

1990) (dismissing a 55-page complaint for violating Rule 8).  Such "[a] prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation." *Flayter v. Wisc. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing a 116-page complaint for violating Rule 8); *see also Sherman v. Saxon Mortg. Servs., Inc.*, No. CIV. 10-2282-STA-TMP, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (collecting cases).  Compounding the confusion, the amended complaint also violates Rule 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  As described, Simmons asserts up to nine claims within a single count.

Leave to amend is also inappropriate because Simmons delayed in seeking to add these claims.  When, as here, "amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).  "Courts are especially inclined to deny a motion brought under Rule 15 if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them."

9

*Springs v. Mayer Brown LLP*, No. 11-13518, 2013 WL 656465, at *2 (E.D. Mich. Jan. 31, 2013) (quoting 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1487 (2d ed. 1990)) (cleaned up).

Some new claims arise from the same alleged events underlying the original complaint (e.g., trespass and defamation stigma plus). Simmons also seeks to add claims stemming from new factual allegations about her December 2019 arrest and alleged harassment during her subsequent incarceration. ECF No. 59-1, PageID.1107-1108, 1117-1119, 1165-1189. Many of these events were known to Simmons early in the litigation, but she did not seek leave to add these allegations in her motion to amend filed in June 2020. *See* ECF No. 39. And although some of the alleged harassment at the MCJ allegedly took place in January and February 2024, Simmons delayed in seeking leave to add those allegations until August 2024, four months after Judge Michelson reopened the case and just before the discovery cutoff. *See* ECF No. 59-1, PageID.1108. Simmons fails to justify her delay. *See* ECF No. 59.

Permitting Simmons to add new factual allegations at this stage would prejudice defendants, as discovery has closed and dispositive motions are due in early October. Adding new claims stemming from events that occurred in 2016 would require defendants to devise new

10

defense strategies.  *Springs*, 2013 WL 656465, at *2.  And adding new

allegations unrelated to the 2016 events would require defendants to

"expend significant additional resources to conduct discovery and prepare

for trial," which would "significantly delay the resolution of the dispute."  *See*

*Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).  The Court declines

to grant leave to amend.

### IV.   Conclusion

Thus, the Court **DENIES** Simmons's motion to amend (ECF No. 59).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 30, 2024

**NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file

objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

district judge may sustain an objection only if the order is clearly erroneous

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling**

**remains in full force and effect unless and until it is stayed by the**

**magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 30, 2024.

s/Davon Allen
DAVON ALLEN
Case Manager