UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LATAUSHA SIMMONS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF WARREN, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 19-cv-11531<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF NO. 72)**

Plaintiff Latausha Simmons moves for appointment of counsel. ECF No. 72. Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id.* at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me.

2007). Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Simmons argues that her lack of legal training and deteriorating health hinder her from drafting and making timely filings. ECF No. 72, PageID.1812-1813. She also contends that she has no phone, internet access, or transportation. *Id.*, PageID.1813. Simmons claims that the pro se clinic has denied her requests for assistance. ECF No. 76.

These are not exceptional circumstances. Simmons has shown that she is competent to proceed pro se, as her filings (including her motion for court appointed counsel) are easily understood and incorporate citations to authority. *See, e.g.*, ECF No. 59; ECF No. 72. Her lack of a telephone, internet access, and transportation does not appear to have hampered her

2

ability to make numerous filings. And Simmons provides no proof that her health is deteriorating or that she is incapable to accessing a telephone or internet access. Finally, Simmons reasons in part that she needs appointed counsel to investigate adding new defendants and claims. ECF No. 72, PageID.1814-1815. The Court cannot determine whether Simmons is likely to succeed on claims she has not yet brought. For these reasons, Simmons's request to appoint counsel is **DENIED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 25, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling**

3

**remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.**" E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 25, 2024.

                                          s/Davon Allen
                                          DAVON ALLEN
                                          Case Manager