UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LATAUSHA SIMMONS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF WARREN, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 19-cv-11531<br>Honorable Laurie J. Michelson<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO THE WARREN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 109), DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE OTHER SUR-REPLIES (ECF NOS. 108, 113), AND DENYING PLAINTIFF'S MOTION TO STRIKE THE WARREN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 75)**

Plaintiff LaTausha Simmons filed three motions for leave to file sur-replies to defendants' dispositive motions. ECF No. 108; ECF No. 109; ECF No. 113. The general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1. Because the moving party is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new

evidence." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).  Thus, the party wishing to file a sur-reply must file a motion for leave that sets forth "good cause." *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019).

Because Simmons's sur-reply to the Warren defendants' motion for summary judgment clarified the basis for her authentication challenge, the Court **GRANTS** her motion for leave and considered the sur-reply in its report and recommendation (R&R).  ECF No. 109.  Simmons's sur-reply to Macomb's dispositive motion disputes an exhibit attached to Macomb's reply.  ECF No. 107; ECF No. 108.  Because the Court did not rely on that exhibit in the R&R, Simmons's motion to file a sur-reply is **DENIED** as moot.  ECF No. 108.  The R&R recommends granting defendants' motions for summary judgment and denying as moot the Warren defendants' motion to dismiss as a discovery sanction.  Thus, Simmons's motion for leave to file a sur-reply to the motion to dismiss is likewise **DENIED** as moot.  ECF No. 113.

Next, Simmons moves to strike the Warren defendants' corrected motion for summary judgment because they (1) did not seek leave to amend their motion and (2) did not timely serve Simmons with a copy of the motion.  ECF No. 75.  Both arguments are frivolous.  The Warren

2

defendants moved for summary judgment on Friday, October 4, 2024, the dispositive motion deadline.  ECF No. 65.  The following Monday, October 7, 2024, the Warrant defendants filed a nearly identical motion that made minor corrections regarding the video exhibit.  ECF No. 66; ECF No. 86, PageID.1937.

Simmons cites no authority requiring courts to strike corrected motions filed without leave.  *See Herrerra v. Mich. Dep't of Corr.*, No. 5:10-CV-11215, 2011 WL 3862426, at *2 (E.D. Mich. July 22, 2011) ("[T]he Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings.").  Simmons cites Rule 15, but that rule applies to the amendment of *pleadings*, not to motions.  The Warren defendants' amended motion is almost identical to the original motion and was filed as a clerical matter to correct references to the video exhibit.  ECF No. 86, PageID.1937.  Thus, the motion was not amended for any improper purpose and "is not 'redundant, immaterial, impertinent, or scandalous.'"  *See Cotton v. Hughes*, No. 22-10037, 2022 WL 16744388, at *1 n.1 (E.D. Mich. Nov. 7, 2022) (declining to strike an amended motion filed without leave of court).

As for the timing of service, the Warren defendants certified that they mailed the amended motion to Simmons on the day of filing, October 7,

2024. ECF No. 66, PageID.1591. They confirmed in their response that they mailed the original and amended motions to Simmons on October 7. ECF No. 86, PageID.1938. Although Simmons insists that the motions were not mailed until October 11 or 12, she offers no evidence in support. Even if the filings were mailed on October 11 or 12, there is no evidence that the Warren defendants knowingly misrepresented the facts. *See Lee v. Foxpointe Condo. Ass'n*, No. 14–11216, 2014 WL 5465551, at *2 (E.D. Mich. Oct. 28, 2014) (denying motion to set aside an order based on an alleged misrepresentation about the date the defendant served the plaintiff with a motion).

More importantly, Simmons admits that she received the original and amended motions in the same mailing on October 17, 2024. ECF No. 75, PageID.1849. Although ten days had passed since the motion was filed, the Court granted Simmons's motion to extend the response deadline and ordered her to respond by November 29, 2024. ECF No. 81. The Court then granted Simmons's second motion to extend the response deadline to January 3, 2035, warning her that no further extensions would be granted. ECF No. 91. Given that Simmons had 78 days to respond after receiving the motion, any argument that she was prejudiced by a slight delay in receiving the motion defies credulity. And that Simmons seeks to strike the

4

motion despite her own pattern of "flouting deadlines and seeking last-minute delays" reflects gamesmanship that will not be tolerated.  *See id.* (citing *Simmons v. Henry Ford Health Sys.*, No. 18-CV-14058, 2023 WL 1767473, at *2 (E.D. Mich. Feb. 3, 2023)).  Simmons's frivolous motion to strike is thus **DENIED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: April 4, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

5

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 4, 2025.

        s/Davon Allen
        DAVON ALLEN
        Case Manager